NO. 07-03-0472-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MAY 19, 2004



______________________________




ANTONIO RIOJAS, JR.,



 Appellant


v.



THE STATE OF TEXAS, 


 

 Appellee


_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 94-418,818; HON. BRADLEY UNDERWOOD, PRESIDING



_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Antonio Riojas, Jr. (appellant) appeals from an order revoking his community
supervision. He had originally been convicted of possession of a controlled substance via
a plea bargain and plea of guilty. Pursuant to the plea agreement, he was sentenced to
ten years imprisonment. However, the sentence was suspended, and appellant was
placed on ten years probation. Subsequently, the State filed three separate motions to
revoke probation at three separate times with the first two ending in appellant's probation
being reinstated. However, on the third motion to revoke, appellant pled true to one of the
three grounds supporting revocation. The trial court granted the motion on all three
grounds, revoked appellant's probation, and sentenced him to ten years in the Institutional
Division of the Texas Department of Criminal Justice. Appellant timely filed a motion for
new trial and noticed his appeal, and counsel was appointed. Appellant's counsel then
moved to withdraw, after filing a brief pursuant to Anders v. California, 386 U.S. 738, 87
S. Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that he had searched the record and
found no arguable grounds for reversal. The motion and brief illustrated that appellant was
informed of his rights to review the appellate record and file his own brief. So too did we
inform appellant that any pro se response or brief he cared to file had to be filed by May
17, 2004. To date, appellant has filed no pro se response or brief. 

 In compliance with the principles enunciated in Anders, appellate counsel discussed
two potential areas for appeal which concerned the court's decision to revoke appellant's
community supervision and ineffectiveness of counsel. However, counsel explained how
"a plea of true, standing alone, is sufficient to support a trial court's decision to revoke
probation, . . . ." And, in regards to ineffective assistance of counsel, appellate counsel
explained how the record is insufficient to support such a claim.

 So too did we conduct an independent review of the record to determine whether
there existed reversible error and found none. See Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991) (requiring us to conduct an independent review). The record
illustrated that no appeal was taken within 30 days from the date of appellant's guilty plea
and conviction complaining of error occurring at that time; thus, we have no jurisdiction
over any purported error arising from or prior to the plea hearing. Manuel v. State, 944
S.W.2d 658, 661-62 (Tex. Crim. App. 1999); see Cooper v. State, 45 S.W.3d 77, 83 (Tex.
Crim. App. 2001). Furthermore, finding that any one ground warranting revocation existed,
the trial court was entitled to revoke appellant's community supervision. Moore v. State,
605 S.W. 2d 924, 926 (Tex. Crim. App. 1979). Here, appellant pled true to one ground
contained in the motion to revoke. Standing alone, a plea of true is sufficient to support
the trial court's order of revocation. Hatten v. State, 71 S.W.3d 332, 335 n.2 (Tex. Crim.
App. 2002). Thus, the appellate record contained evidence supporting the decision to
revoke probation. Furthermore, the punishment levied was within the range provided by
statute. 

 Accordingly, we affirm the judgment revoking probation and grant counsel's motion
to withdraw.

 Brian Quinn 

 Justice

 

Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. 75.002(a)(1) (Vernon Supp. 2004). 



in the head with the vise grips as appellant did, a person could be seriously 
injured or killed. 

 In light of this evidence, a rational jury could have concluded, beyond a reasonable
doubt, that the weapon was capable of causing death or serious bodily injury in the manner
of its use or intended use. Thus, legally sufficient evidence supports the finding that
appellant used a deadly weapon during the assault. Moreover, when that finding is tested
against the entire record it is not manifestly unjust. Nor does it undermine our confidence
in the proceeding. It may well be that the evidence conflicted regarding whether appellant
actually swung the vise grips at Dilbeck. Yet, that conflict was for the jury to decide, and
there was ample evidence to support its decision. See Nash v. State, 175 S.W.3d at 430
(holding that a deadly weapon finding was supported by the object being placed against
the victim, a threat to kill the victim, a description of the size and shape of the object as well
as its ability to inflict harm or death, and the threatening manner in which it was used). 
Thus, it also has the support of factually sufficient evidence. 

Issue 2 - Self-Representation


 Appellant argues in his second issue that the trial court erred in not allowing him to
represent himself at the punishment phase of the hearing. We overrule the issue.

 Appellant, who had appointed counsel, notified the trial court on the day of trial
before voir dire commenced that he wished to represent himself. After admonishing
appellant, the trial court allowed him to do so but asked that appointed counsel remain in
court as standby counsel. In the middle of the guilt/innocence phase of the trial, appellant
suddenly changed his mind and asked that his appointed counsel be allowed to represent
him for the remainder of the trial. Again, the trial court agreed. However, prior to
commencement of the punishment hearing, appellant once more sought to represent
himself. At that time, the trial court refused the request. It is this ruling of which appellant
complains.

 A criminal defendant has the right to self-representation under the Sixth Amendment
to the United States Constitution. However, the right must be timely asserted which means
before the jury is empaneled. McDuff v. State, 939 S.W.2d 607, 619 (Tex. Crim. App.
1997); Bansal v. State, 169 S.W.3d 371, 377 (Tex. App.-Beaumont 2005, pet. dism'd);
Birdwell v. State, 10 S.W.3d 74, 77 (Tex. Crim. App.-Houston [14th Dist.] 1999, pet. ref'd). 
Appellant's first request to represent himself was timely made, and the trial court granted
it. However, his second request was not made until just prior to commencement of the
punishment hearing. By that time, he had previously informed the court that he was "going
to let [appointed counsel] take control of it." The court had also asked appellant if it was
all right if the jury was informed that he (appellant) had decided to have counsel represent
him the rest of the trial to which appellant responded, "[y]es, sir," and the jury was so
informed. A defendant who initially asserts the right to represent himself may later
abandon that right by inviting participation by counsel and thereby waiving the right of self-representation. Funderberg v. State, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986); Carroll
v. State, 176 S.W.3d 249, 254 (Tex. App.-Houston [1st Dist.] 2004, pet. ref'd); Garrett v.
State, 998 S.W.2d 307, 317 (Tex. App.-Texarkana 1999, pet. ref'd, untimely filed). Waiver
may be found if it reasonably appears to the court that the defendant has abandoned his
initial request to represent himself. Funderburg v. State, 717 S.W.2d at 642. Based on
the record before us, we find that the trial court reasonably could have so found. 
Therefore, it did not err in denying appellant opportunity to represent himself during the
remainder of the trial.

 Having overruled each issue, we affirm the judgment of the trial court.


 Per Curiam 

Do not publish. 
1. Turner and Dilbeck were waiting on the police who had been called by the convenience store
manager. They informed appellant that the police had been called, but appellant responded that he had "killed
all the cops." Dilbeck believed appellant was under the influence of a narcotic.