

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-07-00165-CR

_____


RODERICK K. JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 07-0121X


Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

Roderick K. Johnson was initially charged with burglary, the State seeking enhancement due to a prior felony conviction. Appointed counsel two days after having been incarcerated, Johnson nevertheless simultaneously filed a large number of pleadings pro se (some of which were voluminous), despite the fact that counsel had been appointed. Among those pleadings were motions which noted Johnson's dissatisfaction with appointed counsel and a request that he be allowed to proceed pro se and to be provided access to a law library. After having been granted the right to proceed pro se, he recanted that decision and, with the assistance of the same appointed counsel, agreed to a plea bargain agreement under which the State did not proceed with its previous plans for enhancement and Johnson was sentenced to nineteen years' imprisonment.

On appeal, his appointed counsel has filed a brief wherein he maintains that the trial court erred in three respects: (1) by refusing him access to the jail law library after allowing him to proceed pro se,[1] (2) by denying his motion for a continuance, and (3) by leaving the case set for trial only ten days after granting his motion to proceed pro se.

Procedurally, Johnson was booked into county jail on February 19, 2007, and counsel was appointed for him two days later. Counsel filed two motions for continuance, and Johnson simultaneously filed two pro se motions for continuance. The case was originally set for trial on May 7, but was delayed four times before trial commenced. Johnson filed a pro se motion seeking

[1]The trial date had already been set for one week from the date of the grant of this request and the trial date was not changed.

2

"counsel of choice" on August 6. At pretrial hearings conducted on August 2 and August 9, Johnson was examined in depth by his appointed trial counsel and by the trial court regarding the value of having an attorney who is trained in the law to represent him at trial. Johnson, nevertheless, steadfastly maintained that he chose to represent himself at trial and the trial court reluctantly granted the request. During the August 9 hearing, Johnson maintained, however, that he needed access to a law library; the trial court indicated that access to law books would be available, subject to the policies and restraints placed on inmates by the office of the sheriff. The trial court also made it plain that Johnson's appointed counsel would be allowed to remain present during the trial should Johnson begin trial and then change his mind about the wisdom of having counsel. It was made plain that the matter would go to trial before a jury on August 20. A third hearing was held August 13, after Johnson had filed a list of materials he wanted to examine and also filed another motion for continuance. At that time, he nonetheless indicated that he still shunned having appointed counsel, despite the jury trial setting which loomed one week later.

The record shows that on August 20, Johnson appeared in open court, represented by his previously appointed counsel, who then stated that he had been re-contacted by Johnson, asking him to appear on his behalf at the hearing. Johnson entered a plea of guilty pursuant to a plea bargain agreement and was sentenced to serve nineteen years' imprisonment; the trial court certified his right to appeal.

**REFUSAL OF ACCESS TO LAW LIBRARY**

Johnson first argues that the trial court erred by denying him access to the inmate law library.

The Sixth Amendment right to counsel guarantees that a person will not be forced to go to trial, alone and without counsel. The United States Supreme Court has recognized that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996). However, in *Lewis*, 518 U.S. at 351 & 355, the Court went on to explain that *Bounds* "did not create an abstract, freestanding right to a law library" and that *Bounds* "does not guarantee inmates the wherewithal to transform themselves into litigating engines."

Further, many federal circuit courts have held that a prisoner who knowingly and voluntarily waives appointed representation by counsel in a criminal proceeding is not entitled to access to a law library. "[H]aving rejected the assistance of court-appointed counsel, [a defendant] ha[s] no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial." *United States v. Whittington*, No. 03-50150, 2008 U.S. App. LEXIS 5219, at *37 (5th Cir. 2008), (quoting *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996) (per curiam)); *United States v. Smith*, 907 F.2d 42, 45 (6th Cir. 1990) (State does not have to provide access to a law library to defendants who wish to represent themselves); *United States ex rel. George v. Lane*, 718 F.2d 226, 233 (7th Cir.

4

1983) (state was not required to offer a defendant law library access once it offered the defendant assistance of counsel, which the defendant declined); *United States v. Wilson*, 690 F.2d 1267, 1271 (9th Cir. 1982) (a prisoner's Sixth Amendment right to self-representation does not include a right to conduct research at the government's expense); *United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978) (obligation to provide access to the courts was satisfied by offering the defendant the assistance of counsel). "In the instant case, an attorney was appointed to represent appellant, and even after appellant's request to represent himself was granted, this attorney was instructed by the trial court to continue as standby counsel. Thus, appellant was provided adequate assistance from persons skilled in the law." *Bright v. State*, 585 S.W.2d 739, 744 (Tex. Crim. App. [Panel Op.] 1979).

In the instant case, Johnson was provided with appointed counsel. According to the testimony, his appointed counsel had met with him on many occasions and had advised him. Johnson, however, was not hearing what he wanted to hear from the appointed counsel. Even during the period before he indicated to the trial court that he wanted to represent himself, Johnson was filing numerous (often inappropriate) motions and lists of many, many witnesses which he indicated that he wanted to have subpoenaed to the trial (including Oprah Winfrey). Johnson then decided that he could do a better job representing himself. Even after he elected to proceed pro se, the trial court instructed appointed counsel to attend the trial so he could step in and assist Johnson, if and when Johnson then decided this was the appropriate thing to do. The State was not then obligated to also

5

provide Johnson with access to a law library.  Johnson was entitled either to have counsel appointed

for him or to be allowed access to a law library; if he rejects the offer of appointed counsel, he is not

then entitled to access to a law library.  The contention of error is overruled.

**REFUSAL TO GRANT CONTINUANCE**

Johnson also complains because the trial court did not grant his motion for continuance, and

under a separate point of error also complains because the court left the trial set for the prior date.

The contentions are, essentially, both complaints because the court declined to delay the trial further.

We thus address the issue as involving the court's ruling on Johnson's motion for continuance.

A trial court's ruling on a motion for continuance is reviewed for abuse of discretion.

*Heiselbetz v. State*, 906 S.W.2d 500 (Tex. Crim. App. 1995); *see* TEX. CODE CRIM. PROC. ANN. arts.

29.03, 29.06(6) (Vernon 2006).  To establish an abuse of discretion, there must be a showing that

the defendant was actually prejudiced by the denial of his motion. *Janecka v. State*, 937 S.W.2d 456,

468 (Tex. Crim. App. 1996); *Heiselbetz*, 906 S.W.2d at 511.

Further, the Texas Court of Criminal Appeals has held that a motion for continuance must

be made in writing, and must be sworn, otherwise any complaint is waived.  *Dewberry v. State*,

4 S.W.3d 735, 755 (Tex. Crim. App. 1999).

Johnson filed his final motion for continuance on August 13, 2007, seven days before the

fifth trial setting.[2]  Although it was made in writing, it was not sworn.  It, therefore, presents nothing

---

[2]Johnson and his counsel each filed two motions for continuance.  The fourth motion (filed by Johnson) is the one addressed herein.

for this Court's review.  Even if it had been a sworn motion in proper form, Johnson's action in waiting until so shortly before trial to demand to act pro se was a decision attributable solely to him, and in such an instance, we cannot conclude that the trial court abused its discretion by concluding that no additional delays should be permitted, and the trial commence as ordered.  *See Splawn v. State*, 160 S.W.3d 103, 108 (Tex. App.—Texarkana 2005, pet. ref'd), *cert. denied*, 547 U.S. 1136 (2006).

Johnson also suggests that he was denied his right of access to the courts because the court declined to provide him with more than ten days before his trial commenced, and that by so doing, essentially required him to enter a plea because he could not adequately prepare for trial.  Counsel bases his argument largely on the federal speedy trial act[3] and upon general right to meaningful access to the courts.  He does, however, acknowledge (and we agree) that the federal act is not controlling on a state prosecution.  Counsel argues generally that allowing a pro se defendant only ten days to prepare for trial is obviously the denial of a fair trial.  We point out simply that this situation was caused by Johnson, not by the courts.  After multiple continuances, Johnson decided only ten days before trial that he wanted to represent himself rather than allow his counsel to proceed.  Constitutional protections connected with the right to counsel may not be so manipulated as to delay or obstruct the trial process.  *See Dunn v. State*, 819 S.W.2d 510, 518–19 (Tex. Crim. App. 1991).

---

[3]U.S.C.A. § 3161(c)(2).

7

The contention of error is overruled.

We affirm the judgment.


Bailey C. Moseley
Justice

Date Submitted: March 24, 2008
Date Decided: April 30, 2008

Publish

8