*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

**MEMORANDUM OPINION**

No. 04-09-00253-CV

**In the Interest of R.M.R.**, R.G.R., R.R., and J.J.R.

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 08-04-018909-CV
Honorable Cathy O. Morris, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed: December 9, 2009

AFFIRMED

A trial court terminated the parental rights of appellant Reymundo Rodriguez during his incarceration in an Oklahoma federal prison. This is an appeal from the trial court's order denying appellant's motion for new trial as frivolous. We affirm.

**BACKGROUND**

On April 18, 2008, the Texas Department of Family and Protective Services ("Department") filed a Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship. The petition named appellant as the father of the four children in interest. The petition listed appellant's address as "Register #61342-180, Federal Prison (Address

unknown—In Transit)." On June 10, 2008, the trial court issued a pretrial scheduling order setting the date of the trial on the merits for March 6, 2009. On August 5, 2008, because the trial court found appellant had filed an affidavit of indigence, the trial court appointed Mary Ann Miranda to represent appellant. Two days later, Miranda sent appellant a letter, which, among other things, stated, "I am enclosing a copy of the scheduling order so you will know when the hearings are." On October 7, 2008, Miranda appeared on behalf of appellant at a permanency hearing.

On February 10, 2009, the trial court held a pretrial conference. Subsequently, the trial court issued a Pretrial Conference/Permanency Hearing Order resetting the case for trial from March 6, 2009, to April 16, 2009. On April 3, 2009, Miranda sent another letter to appellant discussing preparations for the trial. On April 16, 2009—the day of trial—appellant filed a pro se Father's Motion for Substitution of Counsel and Request for Continuance. During the trial, appellant—appearing by telephone from a federal prison in Oklahoma—further argued his motions. After the trial court admonished appellant, and after appellant insisted, "No, I don't want [Miranda] to represent me," the court allowed appellant to proceed pro se. However, the court also allowed Miranda to remain for the purpose of assisting appellant in preserving his rights for appeal. After a trial on the merits, the trial court terminated the parent-child relationship between appellant and the children. Subsequently, the trial court denied appellant's motion for new trial and found the appellate points to be frivolous. This appeal followed.

## STANDARD OF REVIEW

Once a trial court determines that an appeal is frivolous, the scope of appellate review is statutorily limited to a review of the trial court's frivolousness finding. TEX. FAM. CODE ANN.

§ 263.405(g) (Vernon 2008). In determining whether an appeal is frivolous, "a judge may consider whether the appellant has presented a substantial question for appellate review." TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b) (Vernon 2002); TEX. FAM. CODE § 263.405(d)(3) (incorporating section 13.003(b) by reference); *see In re K.D.*, 202 S.W.3d 860, 866 (Tex. App.—Fort Worth 2006, no pet.). It is well established that a proceeding is frivolous when it lacks an arguable basis either in law or in fact. *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.). We review a trial court's finding of frivolousness under the abuse of discretion standard. *Id.* The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles, or whether it acted arbitrarily and unreasonably under all the circumstances of a particular case. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687 (Tex. 2002); *see In re H.R.*, 87 S.W.3d 691, 702 (Tex. App.—San Antonio 2002, no pet.).

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his first issue on appeal, appellant argues the trial court erred in dismissing as frivolous his attempt to seek post-judgment relief relating to ineffective assistance of counsel. The statutory right to counsel in parental-rights termination cases embodies the right to effective counsel. *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). We apply the well-established standard set forth in *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984).

In his first argument, appellant asserts his trial counsel failed to file a timely "Motion to Dismiss for Want of Prosecution" based on appellant's contention that he was not personally served with process until about fifteen days before trial. Appellant argued that had trial counsel done so, "the likelihood of the Court's granting of a Motion to Dismiss for Want of Prosecution was very

high." In his fourth argument, appellant asserts the "return of service was not filed with the Court until July 30, 2009, more than three months after [appellant's] parental rights had already been terminated." Therefore, according to appellant, Miranda should have objected to the trial court's personal jurisdiction over him. Texas Rule of Civil Procedure 120 addresses both of appellant's arguments.

Rule 120 states a person "may, in person, *or by attorney* . . . enter an appearance in open court. Such appearance shall . . . have the same force and effect as if the citation had been duly issued and served as provided by law." TEX. R. CIV. P. 120 (emphasis added). On August 5, 2008, after appellant filed an affidavit of indigency, the trial court appointed Miranda to represent appellant. On October 7, 2008, Miranda made a general appearance for appellant at a permanency hearing. On February 10, 2009, Miranda appeared at a pretrial conference on behalf of appellant. Finally, Miranda appeared as counsel for appellant at the trial on the merits on the termination.[1] Because counsel made a general appearance on behalf of appellant, appellant waived service of process as well as any claim that the court lacked personal jurisdiction over appellant. *See id.*; *Fridl v. Cook*, 908 S.W.2d 507, 515 (Tex. App.—El Paso 1995, writ dism'd w.o.j.) (party generally appearing in case waives any complaints as to personal jurisdiction). Moreover, because we indulge a strong presumption that Miranda's conduct fell within the wide range of reasonable professional assistance—and because appellant gives us no valid argument to the contrary—appellant's conclusion that Miranda's performance was deficient because she did not file a motion to dismiss for want of prosecution is without merit.

---

[1] We note appellant appeared at the trial on the merits by telephone from a federal prison in Oklahoma.

Appellant's second argument for ineffective assistance of counsel is that Miranda should have challenged the May 6, 2008, order granting the Department temporary custody of the children on the basis that the court had no personal jurisdiction over him because he had not yet been served with process. When the location of a parent is unknown during a full adversary proceeding held pursuant to Texas Family Code section 262.201, the court may render a temporary order without delay at any time after the filing of the action without regard to whether notice of citation by publication has been published. TEX. FAM. CODE ANN. (Vernon Supp. 2009) § 262.201(f). Here, the Department filed its Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship on April 18, 2008. In the petition, the Department lists appellant's address as "Register #61342-180, Federal Prison (Address unknown—In Transit)." The trial court then held a full adversary hearing pursuant to section 262.201 on May 6, 2008. Although the record does not reveal appellant was given notice by publication, appellant does not dispute that as of April 18, 2008, his whereabouts were unknown because he was in transit, and he does not assert the Department or trial court knew his whereabouts as of May 6, 2008. Under subsection 262.201(f), therefore, the trial court's order granting the Department temporary custody was proper.

Appellant's third argument for ineffective assistance of counsel is that Miranda "could have asserted [appellant's] statutory right to at least 20 days to respond/file an answer and his right to no less than 45 days advance notice of trial." First, a defendant is allotted "twenty days after the date of service" to file a written answer. TEX. R. CIV. P. 99. Here, although the record on appeal does not contain a copy of any answer filed on appellant's behalf, the record supports the following: (1)

appellant was actively in communication with Miranda as early as August 7, 2008; (2) appellant and Miranda collaborated in preparing for the April 16 trial; (3) Miranda had already made several appearances on appellant's behalf; and (4) appellant and Miranda were aware of the April 16 reset date as early as February 10, 2009. These facts indicate appellant was fully aware of the proceedings against him, and they call into question what effect a Rule 99 objection would have had on the outcome of the proceedings. Accordingly, because we indulge a strong presumption that Miranda's conduct fell within the wide range of reasonable professional assistance, Miranda's failure to assert a Rule 99 objection does not amount to ineffective assistance of counsel.

Second, Texas Rule of Civil Procedure 245 provides:

> The Court may set contested cases . . . with reasonable notice of not less than forty-five days to the parties of a first setting for trial, . . . provided, however, that when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties . . . .

Thus, Rule 245 does not require forty-five days' notice for a second setting or for any subsequent settings. *See Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1997, pet. denied) (plain import of Rule 245 is court must give forty-five days notice of first trial setting, but may reset case to later date on any reasonable notice). Here, the trial court held a pretrial conference on February 10, 2009, and reset the case for trial from the initial date—March 6, 2009—to April 16, 2009. Miranda, actively representing appellant, was present at that conference and subsequently corresponded with appellant about the conference. On March 31, 2009, appellant and his attorney participated in a mediation, which resulted in a Rule 11 Mediated Settlement. Pursuant to the settlement agreement, the parties agreed the Department would proceed to termination of appellant's parental rights at the April 16, 2009, trial on the merits, and the Department would seek appointment

as permanent managing conservator. On April 3, 2009, Miranda sent appellant a letter stating the "merits hearing, as you know, is set for April 16, 2009." She also informed appellant that she would attempt to set up a conference call to "discuss [the case] further and . . . answer any other questions you may have." Finally, appellant appeared at the April 16 trial on the merits by telephone conference from the Federal Correctional Institution in El Reno, Oklahoma. Because appellant was entitled only to reasonable notice of the reset date of the trial on the merits—notice to appellant that the record before us supports—there is no indication that counsel's failure to make a Rule 245 objection amounted to ineffective assistance. For these reasons, we hold the trial court did not abuse its discretion in dismissing appellant's arguments as frivolous.

## DENIAL OF MOTION FOR CONTINUANCE

In his second issue on appeal, appellant argues the trial court erred in dismissing as frivolous his attempt to seek post-judgment relief relating to the denial of his motion for continuance. Appellant contends the court abused its discretion in overruling his motion for continuance by disregarding Rule 245's reasonable notice requirement. Appellant alleges the trial court's error in denying his motion for continuance—coupled with his pro se participation by telephone—resulted in a trial that was not fair and a final result that was unreliable.

A trial court's denial of a motion for continuance rests within its sound discretion and should not be disturbed unless there is a clear abuse of discretion. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). For example, in the case *In re Marriage of Roberson*, No. 05-07-01061-CV, 2008 WL 4868345 (Tex. App.—Dallas Nov. 12, 2008, no pet.) (mem. op.), appellant had filed a petition for divorce, and, after the trial had already begun, appellant co-signed

her attorney's motion to withdraw from the case. *Id.* at *3. Five days later, appellant filed a pro se motion for continuance. *Id.* The trial court heard both motions, and the court then explained to appellant that the trial was proceeding and that the court would not appoint appellant another attorney. *Id.* at *4. The trial court specifically asked the appellant, "Do you understand that?" to which appellant responded, "Yes, I do." *Id.* The court then granted the motion to withdraw and, after noting the previous trial settings and the fact that the trial had already started, denied appellant's motion for continuance. *Id.* In her motion for new trial, appellant argued that "the trial court abused its discretion in denying her motion for continuance because she was forced to go forward with the trial pro se," and on appeal she argued she "suffered from her lack of attorney" because she did not know how to object to evidence, was not prepared to call witnesses, and "was also not able to effectively advocate her case . . . ." *Id.* In holding that the trial court did not abuse its discretion in denying appellant's pro se motion for continuance, the appellate court noted (1) the appellant fired her attorney and (2) the trial court did not grant appellant's attorney's motion to withdraw until after appellant confirmed she understood the trial was going forward, appellant would not be appointed another attorney, and appellant would be representing herself. *Id.*

Here, appellant first sought new counsel in a pro se motion filed on April 16, 2009—the day of trial. Upon learning of the motion at the trial, Miranda brought the motion to the court's attention, stating "[appellant] is asking the Court to appoint him another attorney and to grant a continuance to the merits hearing today." The appellant then testified, "I just don't agree with [Miranda]." The trial court then admonished the defendant:

> The Court: [A] parent, if they oppose the Department having conservatorship of their children, they're entitled to an attorney if they're indigent. The

court did appoint a[n] . . . attorney for you. Ms. Miranda is a fine attorney. . . . [S]he may be telling you things you don't want to hear, but . . . [t]here is not a better attorney. And if you want to hire another attorney then that is your privilege. But the court is not going to . . . pay county money to offer you a different attorney. So at this time I'm denying your motion for . . . substitution of counsel and denying your continuance.

. . . .

. . . [W]e are here today to go forward with the Department's request for conservatorship of your children. So are you ready to proceed, I mean in light of the fact that your continuance and your motion have been denied?

Appellant: I don't want—I don't want her to represent me. Sorry. I just—I don't think she has done anything for me and—

The Court: Well, do you want to represent yourself at this hearing?

Appellant: I have no other choice, I guess.

The Court: Well, all I can tell you is Ms. Miranda does know what she is doing. And you're going to be a lot better off if you have an attorney at this hearing than if you are trying to represent yourself. Do you understand that?

Appellant: I understand that.

The Court: So, we're going to proceed. Are you wanting to proceed on your own or with—I mean I understand that you're asking for somebody else. But in view of the fact that I'm not going to give you another attorney, are you willing to go ahead with this hearing with Ms. Miranda representing you?

Appellant: No, I don't want her to represent me.

Just as in *Roberson*, the trial court did not permit appellant to proceed pro se until after appellant confirmed he understood the trial was moving forward without a continuance, the trial court would not appoint appellant another attorney, and appellant would be proceeding pro se. Like

the *Roberson* court, we conclude the trial court did not abuse its discretion in denying the request for continuance. *See also Thomas v. State,* No. 01-08-00305-CR, 2009 WL 3321411, at \*4-5 (Tex. App.—Houston [1st Dist.] October 15, 2009, no pet. h.) (no abuse of discretion to deny defendant's pro se motion for continuance filed morning of trial); *Johnson v. State*, 257 S.W.3d 778, 781 (Tex. App.—Texarkana 2008, pet. ref'd) (because defendant's action in waiting until seven days before trial to demand to act pro se and request continuance was decision attributable solely to defendant, denying continuance would not amount to abuse of discretion). Accordingly, we conclude the trial court did not abuse its discretion in finding appellant's argument to be frivolous.

## CONCLUSION

We overrule both of appellant's issues on appeal, and we affirm the trial court's judgment.

Sandee Bryan Marion, Justice