ACCEPTED
12-14-00335-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
5/11/2015 10:31:08 PM
CATHY LUSK
CLERK

## NUMBER 12-14-00335-CR

## IN THE TWELFTH DISTRICT COURT OF APPEALS
## TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
5/11/2015 10:31:08 PM
CATHY S. LUSK
Clerk

## DONNIE DALE CARR,
**Appellant**

**v.**

## THE STATE OF TEXAS,
**Appellee**

From the 7th District Court of Smith County, Texas
Trial Cause Number 007-0863-14

## STATE'S BRIEF

## ORAL ARGUMENT REQUESTED

**D. MATT BINGHAM**
Criminal District Attorney
Smith County, Texas

**AARON REDIKER**
Assistant District Attorney
State Bar of Texas Number 24046692
Smith County Courthouse, 4th Floor
Tyler, Texas 75702
Phone: (903) 590-1720
Fax: (903) 590-1719
Email: arediker@smith-county.com

# TABLE OF CONTENTS

Index of Authorities.................................................................................................2

Statement of Facts ...............................................................................................3

Summary of Argument .........................................................................................4

**I.ISSUE**:  Appellant's constitutional right to self-representation did not guarantee him access to a jail law library after counsel had been appointed to represent him, counsel's assistance was subsequently rejected, and the trial court thereafter ordered appellant's attorney to remain as standby counsel...............................................................4

Standard of Review................................................................................................4

Argument................................................................................................................5

Certificate of Compliance ...................................................................................11

Certificate of Service..........................................................................................11

## INDEX OF AUTHORITIES

**Federal Cases**

*Bounds v. Smith*, 430 U.S. 817 (1977).......................................................................6

*Degrate v. Godwin*, 84 F.3d 768 (5th Cir. 1996) .....................................................7

*Faretta v. California*, 422 U.S. 806 (1975) ...........................................................4, 6

*Lewis v. Casey*, 518 U.S. 343 (1996) ................................................................ 6, 8, 9

**Texas Cases**

*Blankenship v. State*, 673 S.W.2d 578 (Tex. Crim. App. 1984)...................................4

*Funderburg v. State*, 717 S.W.2d 637 (Tex. Crim. App. 1986) ..................................6

*Johnson v. State*, 257 S.W.3d 778 (Tex. App.—Texarkana 2008, pet. ref'd) .... 7, 8, 9

*Musgrove v. State*, 425 S.W.3d 601 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) ................................................................................................................. 7, 8, 9

*Scarbrough v. State*, 777 S.W.2d 83 (Tex. Crim. App. 1989)....................................6

*Williams v. State*, 252 S.W.3d 353 (Tex. Crim. App. 2008)......................................5

**IN THE TWELFTH DISTRICT COURT OF APPEALS
TYLER, TEXAS**

**DONNIE DALE CARR,**
**Appellant**

**v.**

**THE STATE OF TEXAS,**
**Appellee**

From the 7th District Court of Smith County, Texas
Trial Cause Number 007-0863-14

# STATE'S BRIEF

TO THE HONORABLE COURT OF APPEALS:

Comes now the State of Texas, by and through the undersigned Assistant Criminal District Attorney, respectfully requesting that this Court overrule appellant's sole alleged issue and affirm the judgment of the trial court in the above-captioned cause.

STATEMENT OF FACTS

Appellant has stated the essential nature of the proceedings and the evidence presented at trial (Appellant's Br. 2-3). In the interest of judicial economy, any other

facts not mentioned therein that may be relevant to the disposition of appellant's issue will be discussed in the State's arguments in response.

## SUMMARY OF ARGUMENT

Where, as here, the trial court appointed counsel to represent appellant, and because he did not have an abstract, freestanding constitutional right of access to the jail's law library, he has failed to show that the trial court denied him his Sixth Amendment right to self-representation. Appellant was entitled to the appointment of counsel or access to the law library, but not both, and the trial court properly admonished appellant that the right to self-representation did not alone provide special or priority access to the law library.

**I. ISSUE**: Appellant's constitutional right to self-representation did not guarantee him access to a jail law library after counsel had been appointed to represent him, counsel's assistance was subsequently rejected, and the trial court thereafter ordered appellant's attorney to remain as standby counsel.

## STANDARD OF REVIEW

"The U.S. Supreme Court in *Faretta v. California*, 422 U.S. 806, 819, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) found in the Sixth Amendment an independent constitutional right of an accused to conduct his own defense and held that the right to self-representation does not arise from one's power to waive assistance of counsel." *Blankenship v. State*, 673 S.W.2d 578, 582 (Tex. Crim. App. 1984). "In order to

4

competently and intelligently choose self-representation, the defendant should be made aware of the dangers and disadvantages of self-representation so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Blankenship*, 673 S.W.2d at 583 (quoting *Faretta*, 422 U.S. at 835). While the trial court is not required to follow a formulaic script of questions, "the record must contain proper admonishments concerning pro se representation and any necessary inquiries of the defendant so that the trial court may make 'an assessment of his knowing exercise of the right to defend himself.'" *Blankenship*, 673 S.W.2d at 583 (quoting *Faretta*, 422 U.S. at 836). "[W]hen the record does not affirmatively show that the defendant was sufficiently admonished as required by *Faretta*, it is reversible error, not subject to a harm analysis." *Williams v. State*, 252 S.W.3d 353, 357 (Tex. Crim. App. 2008).

## ARGUMENT

In his single alleged issue, appellant argues that the trial court constructively denied his right to self-representation by failing to ensure that appellant had access to the law library (Appellant's Br. 5-10). Appellant claims that he unequivocally asserted his right to proceed to trial *pro se*, "but only if he could have law library access." (Appellant's Br. 3). "However, the right to self-representation does not attach until it has been clearly and unequivocally asserted." *Funderburg v. State*, 717 S.W.2d 637,

5

642 (Tex. Crim. App. 1986) (citing *Faretta*, 422 U.S. at 835). If, as appellant states in his brief (Appellant's Br. 3, 8, 9), his access to the law library was indeed, "a condition on which Mr. Carr was relying to exercise his right to self-representation" (Appellant's Br. 3), then his invocation of that right was "conditional, and hence, equivocal," and he was not denied his Sixth Amendment right to self-representation. *Scarbrough v. State*, 777 S.W.2d 83, 93-94 (Tex. Crim. App. 1989).

Even if appellant's invocation of his right to self-representation had been clear and unequivocal, he has failed to show that the trial court's admonishments regarding the dangers and disadvantages of doing so were improper (Appellant's Br. 5-10). As he notes in his brief (*Id*. at 9), "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *overruled on other grounds*, *Lewis v. Casey*, 518 U.S. 343, 354 (1996)). Nevertheless, "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance," nor does it "guarantee inmates the wherewithal to transform themselves into litigating engines." *Lewis*, 518 U.S. at 351, 355. "[T]he concomitant rights to self-representation and access to the courts are not coupled with an unfettered right of access to legal resources." *Musgrove v. State*, 425 S.W.3d 601, 609 (Tex. App.—

6

Houston [14th Dist.] 2014, pet. ref'd). Providing access to a jail law library is merely one constitutionally acceptable method to assure meaningful access to the courts, but not the only one. *Lewis*, 518 U.S. at 351 (citing *Bounds*, 430 U.S. at 830). By appointing counsel to represent the defendant, the trial court provides meaningful access to the courts to a constitutionally acceptable degree, and the defendant is not thereafter entitled to access a jail law library even if counsel's assistance is subsequently rejected. *See Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996) (finding no violation of federal rights because, "having rejected the assistance of court-appointed counsel, Degrate had no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial"); *Johnson v. State*, 257 S.W.3d 778, 780-781 (Tex. App.—Texarkana 2008, pet. ref'd) (same); *Musgrove*, 425 S.W.3d at 609 ("Once appellant rejected the offer of appointed counsel and elected to represent himself, the State was not required to provide appellant access to legal materials to prepare his defense . . . [r]egardless, the trial court instructed appointed counsel to assist as standby counsel.").

Here, the trial court appointed counsel to represent appellant on 30 July 2014 (Clerk's R. at 6). On 6 October 2014, the day before trial, appellant expressed his desire to represent himself, and the trial court began a series of admonishments

7

informing him of the dangers and disadvantages of self-representation and warned

appellant that he would not receive any special access to the jail's law library:

> THE COURT: Let me interrupt you there. Because you understand that, under the Texas case law, if you choose to represent yourself, you get to represent yourself. That doesn't guarantee you any better access to any of the legal resources that I've just gone over with you. That's still up to you.
>
> That's one of the many, many, many advantages of having a lawyer represent you. You're not entitled to any extra relief. If the jail lets you go to the law library, great. If they don't let you go to the law library, that's not, I guess, a complainable infraction, as I understand the law to be.
>
> Often, the jails around our state make law libraries available for Defendants. But, under the law, there's no legal requirement – federally or statewide – that they, basically, give them a legal education or make law books available to them. It's really a convenience that's offered up. It's not a guaranteed right, if that's one of the reasons that you're thinking you want to represent yourself is to force the jail to give you something maybe they haven't given to you at this point. Because that's not going to happen.

(VI Rep.'s R. at 32-33). As the trial court had already appointed counsel to represent

the appellant, the preceding admonishment was a proper and accurate statement of the

law. *See Lewis*, 518 U.S. at 351, 355; *Johnson*, 257 S.W.3d at 780-781; *Musgrove*,

425 S.W.3d at 609. Further, the trial court made it clear to appellant that his appointed

attorney would remain as standby counsel even if appellant ultimately chose to

represent himself (VI Rep.'s R. at 39; VII Rep.'s R. at 24; Clerk's R. at 65). While

appellant first declined to sign a written waiver of counsel after listening to the

admonishments (VI Rep.'s R. at 69-70; Clerk's R. at 57), he changed his mind on the

8

morning of trial, signed the waiver, and then changed his mind again, waiving his right to self-representation just before voir dire began (VII Rep.'s R. at 16, 23-24, 40-42; Clerk's R. at 66). In *Johnson*, under very similar facts that ended in a negotiated guilty plea rather than a jury trial, the Sixth Court held that an appellant is entitled to either the appointment of counsel or access to a law library—not both:

> In the instant case, Johnson was provided with appointed counsel. According to the testimony, his appointed counsel had met with him on many occasions and had advised him. Johnson, however, was not hearing what he wanted to hear from the appointed counsel. Even during the period before he indicated to the trial court that he wanted to represent himself, Johnson was filing numerous (often inappropriate) motions and lists of many, many witnesses which he indicated that he wanted to have subpoenaed to the trial (including Oprah Winfrey). Johnson then decided that he could do a better job representing himself. Even after he elected to proceed pro se, the trial court instructed appointed counsel to attend the trial so he could step in and assist Johnson, if and when Johnson then decided this was the appropriate thing to do. The State was not then obligated to also provide Johnson with access to a law library. Johnson was entitled either to have counsel appointed for him or to be allowed access to a law library; if he rejects the offer of appointed counsel, he is not then entitled to access to a law library.

*Johnson*, 257 S.W.3d at 780-781. As the trial court provided appellant with counsel, who remained as standby counsel when appellant elected to proceed to trial *pro se*, appellant's right to self-representation did not entitle him to access to the jail's law library, and the trial court properly advised him of that fact during its *Faretta* admonishments. *See Lewis*, 518 U.S. at 351, 355; *Johnson*, 257 S.W.3d at 780-781; *Musgrove*, 425 S.W.3d at 609. Appellant has failed to show from any other evidence

9

contained in the record that the trial court denied his right to self-representation, and therefore, his sole alleged issue is without merit and should be overruled.

PRAYER

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that the Court overrule appellant's sole alleged issue and affirm the judgment of the 7th District Court of Smith County, Texas, in the above-captioned cause.

Respectfully submitted,

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas

/s/  Aaron Rediker
Aaron Rediker
Assistant District Attorney
SBOT #:  24046692
100 North Broadway, 4th Floor
Tyler, Texas 75702
Office:  (903) 590-1720
Fax:  (903) 590-1719 (fax)
arediker@smith-county.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned attorney certifies that the word count for this document is 1,763 words as calculated by Microsoft Word 2013.

/s/  Aaron Rediker
Aaron Rediker

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 11th day of May 2015, the State's Brief in the above-numbered cause has been electronically filed, and a legible copy of the State's Brief has been sent by email to A. Reeve Jackson, attorney for appellant, at JLawAppeals@gmail.com.

/s/  Aaron Rediker
Aaron Rediker

11