PD-0930-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/24/2015 4:23:23 PM
Accepted 8/26/2015 3:14:04 PM
ABEL ACOSTA
CLERK

**PD-0930-15**

## IN THE COURT OF CRIMINAL APPEALS

### DONNIE CARR

### Petitioner,

### v.

### THE STATE OF TEXAS

### Respondent

On Petition for Discretionary Review from the
Twelfth Court of Appeals, Tyler, Texas
Cause No. 12-14-00335-CR

### ORAL ARGUMENT REQUESTED

Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile:  (866) 387-0152
JLawAppeals@gmail.com

FILED IN
COURT OF CRIMINAL APPEALS

August 26, 2015

ABEL ACOSTA, CLERK

# IDENTITY OF PARTIES AND COUNSEL

**Trial Court**

Seventh District Court
Smith County, Texas
Hon. Kerry Russell
100 N. Broadway
Tyler, TX 75702

**Attorney for Appellant**

Appellate Counsel:
Austin Reeve Jackson
112 East Line, Suite 310
Tyler, TX 75702

Trial Counsel:
John Jarvis
326 S. Fannin
Tyler, TX 75702

**Attorney for the State**

Smith County District Attorney
Matt Bingham

Appellate Counsel:
Michael J. West
Assistant District Attorney, Smith County
4th Floor, Courthouse
100 North Broadway
Tyler, TX 75702

Trial Counsel:
Jeff Wood and Brian Jiral
Assistant District Attorneys, Smith County
4th Floor, Courthouse
100 North Broadway
Tyler, TX 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................................ ii

TABLE OF CONTENTS ....................................................................................... iii

INDEX OF AUTHORITIES .................................................................................. iv

STATEMENT REGARDING ORAL ARGUMENT ...................................................... 2

STATEMENT OF THE CASE ................................................................................. 2

STATEMENT OF PROCEDURAL HISTORY ........................................................... 2

GROUND FOR REVIEW ...................................................................................... 3

**THE TWELFTH COURT OF APPEALS ERRONEOUSLY HELD THAT A DEFENDANT'S SIXTH AMENDMENT RIGHT TO SELF-REPRESENTATION IS PROTECTED WHERE THE TRIAL COURT FORCES HIM TO ELECT BETWEEN PROCEEDING WITH AN ATTORNEY WITH WHOM HE HAS A POOR ATTORNEY-CLIENT RELATIONSHIP OR PROCEEDING BLINDLY WITHOUT ACCESS TO A LAW LIBRARY** .............. 3

Relevant Facts at Trial ..................................................................................... 3

The Law at Issue ............................................................................................. 5

The Holding of the Twelfth Court of Appeals ........................................................ 6

Why This Court Should Review this Issue ............................................................

CONCLUSION AND PRAYER ............................................................................. 10

CERTIFICATE OF SERVICE .............................................................................. 10

CERTIFICATE OF COMPLIANCE ....................................................................... 11

APPENDIX A -- COPY OF OPINION FROM TWELFTH COURT ........................... 12

# INDEX OF AUTHORITIES

**UNITED STATES SUPREME COURT:**

*Bounds v. Smith,*
   430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)......................................5

*Faretta v. California,*
   422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)................................3, 5, 9

*McKaskle v. Wiggins,*
   465 U.S. 168, 177 S.Ct. 944, 79 L.Ed.2d 122 (1984)................................9


**UNITED STATES FEDERAL COURTS OF APPEAL:**

*United States v. Morrison,*
   153 F.3d 34 (2nd Cir. 1998) ...........................................................8

*United States v. Oliver,*
   630 F.3d 397 (5th Cir. 2011) ..........................................................8


**TEXAS COURT OF CRIMINAL APPEALS:**

*Bright v. State,*
   585 S.W.2d 739 (Tex.Crim.App. 1979) ..........................................6, 7

*Dunn v. State,*
   819 S.W.2d 510 (Tex.Crim.App. 1999) ...........................................5

*Scarbrough v. State,*
   777 S.W.2d 83 (Tex.Crim.App. 1989) ...........................................9

**TEXAS COURTS OF APPEAL:**

*Carr v. State,*
   No. 12-14-00335-CR (Tex.App.—Tyler 2015)...............................................2

*Johnson v. State,*
   257 S.W.3d 778 (Tex.App.—Texarkana 2008)...............................................7, 8

*Musgrove v. State,*
   425 S.W.3d 601 (Tex.App.—Houston [14th Dist.] 2014)............................7


**STATUTES AND OTHER PROVISIONS:**

TEX. CODE CRIM. PROC. art. 1.051(f)................................................................3, 5

TEX. CONST. art. 1 § 10 ....................................................................................3, 5

TEX. DISCIPLINARY R. PROF. CONDUCT 1.01.....................................................8 n.2

U.S. CONST. AMEND. VI....................................................................................3, 5

---

IN THE COURT OF CRIMINAL APPEALS

---

**DONNIE CARR**

**Petitioner,**

**v.**

**THE STATE OF TEXAS**

**Respondent**

---

On Petition for Discretionary Review from the
Twelfth Court of Appeals, Tyler, Texas
Cause No. 12-14-00335-CR

---

**TO THE HONORABLE JUSTICES OF THE COURT:**

COMES NOW, Austin Reeve Jackson, attorney for Donnie Carr and files this petition pursuant to the Texas Rules of Appellate Procedure, and would show the Court as follows:

## STATEMENT REGARDING ORAL ARGUMENT

Because this case presents an issue of constitutional interpretation and application that could affect defendants across the state who elect to proceed at trial in a *pro se* capacity, and because it represents a potential shift to the way in which at least three intermediate courts have interpreted requirements relating to a defendant's Sixth Amendment rights, any solution to this issue crafted by the Court could benefit from the exchange of ideas and concerns oral argument can offer.

## STATEMENT OF THE CASE

Donnie Carr seeks review of the Twelfth Court's affirmance of his conviction and sentence for the felony offense of delivery of a controlled substance originally rendered against him in the Seventh District Court of Smith County. After pleading "not guilty" to this charge and electing to proceed to a trial by jury, Mr. Carr was ultimately convicted and sentenced to a term of confinement for life. Sentence was pronounced on 14 October 2014.

## STATEMENT OF PROCEDURAL HISTORY

On 30 June 2015 the Twelfth Court of Appeals, having reviewed the sole issue raised on direct appeal, affirmed the underlying conviction in an unpublished opinion. *Carr v. State*, No. 12-14-00335-CR (Tex.App.—Tyler June 30, 2015).[1] No motion for rehearing was filed. Mr. Carr then filed a motion, granted by this

---

[1] A copy of the court's opinion is attached as "Appendix A."

Court, extending the deadline by which to file his petition for discretionary review to 31 August.

**GROUND FOR REVIEW**

**THE TWELFTH COURT OF APPEALS ERRONEOUSLY HELD THAT A DEFENDANT'S SIXTH AMENDMENT RIGHT TO SELF-REPRESENTATION IS PROTECTED WHERE THE TRIAL COURT FORCES HIM TO ELECT BETWEEN PRO-CEEDING WITH AN ATTORNEY WITH WHOM HE HAS A POOR ATTORNEY-CLIENT RELATIONSHIP OR PROCEED-ING BLINDLY WITHOUT ACCESS TO A LAW LIBRARY.**

**ARGUMENT**

Relevant Facts at Trial

At trial, the Petitioner in this case, Mr. Donnie Carr sought to exercise his right to self-representation. The Sixth Amendment to the United States Constitution guarantees this right with similar protections also found in state statute and the Texas Constitution. US. CONST. amend. VI; *Faretta v. California*, 422 U.S. 806, 821, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); TEX. CODE CRIM. PROC. art. 1.051(f); TEX. CONST. art. 1 § 10.

Mr. Carr first attempted to raise the issue with the district court on 2 September 2014, over a month before trial, but was told "today is not the day" to address attorney-client conflict issues. (II RR 8-10). Instead, the trial court set the case off a few weeks until 22 September. (II RR 10). On 22 September Mr. Carr raised several complaints regarding what he believed to be the ineffective assis-

3

tance being rendered by trial counsel and noted his desire to have the opportunity to review his discovery "so I can go over and come up with my own defense." (III RR 9). This was the first indication he gave the court that he was looking "to defend myself," a process being hindered by his lack of access to the jail's law library:

> I haven't had time to prepare nothing for my own defense. … I've told [my lawyer] I'm not guilty of this. I've pleaded not guilty. And he's done nothing but try to get me to plead out.
>
> I've turned down every offer that he's made for me. I made that clear. Like I said, I just – I don't have any access to a law library. I put in for a law library over at Low Risk where I'm housed. … And they refused me law library then, too.

(III RR 8).

The case returned to court on 6 October. (VI RR 1). At that point, Mr. Carr again indicated to the court that he and his trial counsel had had continued problems. (VI RR 10). Initially, Mr. Carr stated he wanted to fire his trial counsel and seek time to retain a new attorney. (*Id*.). As part of his discussion with the court on that issue, Mr. Carr returned once more to the denial of access to Smith County's inmate law library:

> But we never brought up the fact that I was held in Smith County for two-and-a-half months without access to a law library, without an attorney. I requested to go to the law library so I could file motions with the Court, so I could file letters with the District Attorney's Office; and I was not able to do that.

4

(VI RR 21-22).  After continued discussions with the trial court, Mr. Carr ultimately decided that he would like "to file a request to defend myself *pro se*."  (VI RR 27-28).  However, before the trial actually commenced Mr. Carr, noting that he would be unable to defend himself without "any rights to a law library or anything like that," elected to proceed with counsel.  (VI RR 70; VII RR 17, 41).

The Law at Issue

The law is clear that a defendant has a constitutional right to access to a law library in order to prepare his defense.  This right was first recognized by the Supreme Court in *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).  "In *Bounds*, the Supreme Court held that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Dunn v. State*, 819 S.W.2d 510, 525 (Tex.Crim.App. 1999).  In the instant case, however, the trial court not only denied Mr. Carr this right, but did so as a means to denying him his right to self-representation under both federal and state law.  *See* US. CONST. amend. VI; *Faretta*, 422 U.S. at 821; TEX. CODE CRIM. PROC. art. 1.051(f); TEX. CONST. art. 1 § 10.

<u>The Holding of the Twelfth Court of Appeals</u>

Reviewing this situation on direct appeal, the Twelfth Court of Appeals concluded, because Mr. Carr had been appointed standby counsel, the trial court did not deny Mr. Carr his right to self-representation. Relying solely on this Court's opinion in *Bright v. State*, 585 S.W.2d 739 (Tex.Crim.App. 1979), the Twelfth Court determined, regardless of the deteriorated and ineffective relationship between Mr. Carr and his former trial counsel, and despite Mr. Carr's repeatedly expressed desire to go it alone, that because he had a lawyer seated next to him Mr. Carr had no right to access a law library to assist him in making his own defense.

There are however, two important distinctions between *Bright* and the instant case. First, in *Bright* the defendant requested and was given a copy of both the Penal Code and Code of Criminal Procedure. *Bright*, 585 S.W.2d at 744. Thus, unlike Mr. Carr, the defendant in *Bright* had the opportunity to read the statue under which he was charged and to review the rules of procedure that would govern his contesting of that charge. Second, in *Bright* there was no indication that the defendant had the type of deteriorated and unworkable attorney-client relationship present in this case. Here, Mr. Carr was being asked to rely on the same attorney about whom he felt was only trying to force Mr. Carr "to plead out," to conduct any actions Mr. Carr requested of him. (III RR 8-9). As opposed to the situation in *Bright* where one could get the impression that the defendant wel-

comed the assistance of trial counsel during trial, and therefore, had a need for access to a law library that was greatly diminished compared to a defendant like Mr. Carr. *Id*. ("[D]uring pretrial proceedings [] appellant requested that he be permitted to represent himself … and from that date until .. the day trial testimony began appellant acted as his own counsel.").

Through its interpretation of *Bright*, the Twelfth Court of Appeals has adopted an understanding of the Sixth Amendment, one also adopted by at least two other appellate courts, that says a defendant at trial has effectively two choices: 1. Proceed bound to some form of counsel; or 2. Proceed blindly. *See, e.g., Johnson v. State*, 257 S.W.3d 778, 780 (Tex.App.—Texarkana 2008, pet. ref'd) (holding that defendant who elected to defend himself *pro se* was not entitled to law library access where he had standby counsel appointed); *Musgrove v. State*, 425 S.W.3d 601, 610 (Tex.App.—Houston [14th Dist.] 2014, pet. ref'd) (same). This is a rule though that cuts against the heart of a defendant's right to self-representation, particularly in a case like the one currently before the Court.

<u>Why This Court Should Review this Issue</u>

It would appear largely meaningless to tell a defendant that if he and his appointed counsel are having the type of issues Mr. Carr and his trial counsel were in this case that he has the option to proceed *pro se*, but only if he then must rely on that same attorney for assistance to do so. The nature of this problem is highlight-

ed by the fact that, outside of perhaps an ethical obligation under the Disciplinary Rules,[2] that appointed standby counsel is under no duty to render effective assistance in that capacity nor can he really be held responsible for his failure do so. *See United States v. Oliver*, 630 F.3d 397, 413-14 (5th Cir. 2011) (explaining that a *pro se* defendant does not have a constitutional right to standby counsel and absent this right the defendant is not entitled to relief for the ineffective assistance of standby counsel); *United States v. Morrison*, 153 F.3d 34, 55 (2nd Cir. 1998) (same). Thus, where as here a defendant has had a troubled relationship with his attorney and believes that attorney to be disengaged from effective representation and perhaps attempting to simply get a plea deal signed and the case moved, that defendant is not only bound to that attorney under the Twelfth Court's holding, but is bound in such a way that he must still rely on that attorney for actual representation. In effect, the defendant is not really acting in a *pro se* capacity any more than standby counsel is actually merely standing-by.

Either a defendant has the right to represent himself, as the United States Supreme Court has held, or he is bound to an attorney as either lead or standby counsel as the Twelfth Court has held. *But see Johnson*, 257 S.W.3d at 780 (discussing the holdings of several federal circuit courts that have held that a defendant who rejects appointed counsel is not automatically entitled to law library access).

---

[2] TEX. DISCIPLINARY R. PROF. CONDUCT 1.01.

Recognizing this, this Court has previously held that standby counsel cannot "interfere with the accused's actual control over his own defense …." *Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex.Crim.App. 1989) (en banc). Yet the rule here adopted by the Twelfth Court, and other courts, virtually *requires* standby counsel to interfere with a *pro se* litigant's presentation of his own defense. Absent meaningful access to a law library, a defendant would have to rely on standby counsel to provide him a copy of the statute under which he was charged, to decide what research should be done, what the extent of that research would be, and inform the defendant of any potential issues standby counsel's research revealed that had not previously been requested or discussed by the defendant.

"The right [to self-representation] is either respected or denied…." *McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8, 104 S.Ct. 944, 950, 79 L.Ed.2d 122 (1984); see also *Faretta*, 422 U.S. at 834, 95 S.Ct. 2525; *Scarbrough*, 777 S.W.2d at 92 (both holding that if he desires to do so a defendant must be allowed to conduct his own defense). An understanding of that right, such as the one herein adopted by the Twelfth Court of Appeals, that limits that right to either proceeding blindly or relying on an attorney for representation as either actual or standby counsel fails to respect the Sixth Amendment. For this reason the Twelfth Court of Appeals erred in concluding that the Sixth Amendment condones the restricting of a defendant who wishes to proceed at trial in a *pro se* capacity to either forced reliance on an

attorney or the denial by the court of the means by which to defend one's self. For if the government can circumvent any meaningful opportunity for a citizen to defend themselves in an educated manner we have no Sixth Amendment right to self-representation.

This Court should grant review to address that error.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays, because the Twelfth Court of Appeals has adopted an interpretation of the Sixth Amendment inconsistent with the ability of a citizen to actually exercise his right to self-representation, that the Court grant discretionary review and, ultimately, reverse the holding of the Twelfth Court of Appeals.

Respectfully submitted,

/s/ Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was delivered to counsel for the State by efile on this the 24th day of August 2015.

/s/ Austin Reeve Jackson

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the requirements of Rule 9.4 and consists of 2,273 words.

/s/ Austin Reeve Jackson

# APPENDIX A

**Opinion of the Twelfth Court of Appeals**

**Carr v. State, No. 12-14-00335-CR**

| | | |
|---|---|---|
| *DONNIE DALE CARR,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Donnie Dale Carr appeals his conviction for manufacture or delivery of four or more but less than two hundred grams of methamphetamine, for which he was sentenced to imprisonment for life. In one issue, Appellant argues that the trial court erred by constructively denying his right to self-representation. We affirm.

#### BACKGROUND

Appellant was charged by indictment with manufacture or delivery of four or more but less than two hundred grams of methamphetamine. He pleaded "not guilty" and the matter proceeded to a jury trial.

The evidence at trial showed that a Tyler police officer found Appellant and another individual standing near a picnic table in a heavily wooded area near Bellwood Lake. The officer observed syringes on the table, some with liquid in them. The officer called for backup, and both suspects were arrested for possession of methamphetamine.

A wrecker arrived to tow the two vehicles located at the scene. Because the trail was too small for the wrecker to travel, the wrecker driver got into Appellant's vehicle to drive it out of the woods. When he closed the door, a black pouch containing what was later found to be 8.46

grams of methamphetamine, packaged in several small baggies, fell into his lap. The driver alerted the police and turned the drugs over to them.

Ultimately, the jury found Appellant "guilty" of manufacture or delivery of a controlled substance and assessed his punishment at imprisonment for life. This appeal followed.


<u>S</u>ELF-<u>R</u>EPRESENTATION

In his sole issue, Appellant argues that the trial court constructively denied him his right to self-representation by denying him his constitutional right to access a law library.

**<u>Standard of Review and Applicable Law</u>**

We review the denial of a defendant's request for self-representation for an abuse of discretion. ***Alford v. State***, 367 S.W.3d 855, 861 (Tex. App.–Houston [14th Dist.] 2012, pet. ref'd). We view the evidence in the light most favorable to the trial court's ruling, and we imply any findings of fact supported by the record and necessary to affirm the ruling when the trial court did not make explicit findings. ***Id.***

The Sixth and Fourteenth Amendments to the United States Constitution guarantee that a criminal defendant may dispense with counsel and make his own defense at trial. ***Moore v. State***, 999 S.W.2d 385, 396 (Tex. Crim. App. 1999) (citing ***Faretta v. California***, 422 U.S. 806, 818-20, 95 S. Ct. 2525, 2533, 45 L. Ed. 2d 562 (1975)). To be constitutionally effective, such a decision must be made (1) competently, (2) knowingly and intelligently, and (3) voluntarily. ***Moore***, 999 S.W.2d at 396 (citing ***Godinez v. Moran***, 509 U.S. 389, 400-01, 113 S. Ct. 2680, 2687, 125 L. Ed. 2d 321 (1993)); ***Faretta***, 422 U.S. at 834-36, 95 S. Ct. at 2541). In order to competently and intelligently choose self-representation, the defendant should be admonished about the dangers and disadvantages of representing himself. ***Blankenship v. State***, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984) (citing ***Faretta***, 422 U.S. at 835, 95 S. Ct. at 2541). Thereafter, if the defendant maintains his desire to proceed pro se, he should be allowed to do so as long as the assertion of his right to self-representation is unconditional and not asserted to disrupt or delay the proceedings. ***Ex parte Winton***, 837 S.W.2d 134, 135 (Tex. Crim. App. 1992).

The right to self-representation does not attach until it has been clearly and unequivocably asserted. ***Funderburg v. State***, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986) (citing ***Faretta***, 422 U.S. at 835, 95 S. Ct. at 2541; ***Brown v. Wainwright***, 665 F.2d 607, 610 (5th

Cir. 1982)). Once a defendant has asserted the right to self-representation, he may also waive that right. *Funderburg*, 717 S.W.2d at 642 (citing *McKaskle v. Wiggins*, 465 U.S. 168, 177 S. Ct. 944, L. Ed. 2d 122 (1984); *Brown*, 665 F.2d at 611). Such a waiver may be found if it reasonably appears to the court that the defendant has abandoned his initial request to represent himself. *Funderburg*, 717 S.W.2d at 642 (citing *Brown*, 665 F.2d at 611). However, when a trial court denies a defendant's request to represent himself, the defendant does not waive the right to self-representation by mere acquiescence to the trial court's denial of it. *Funderburg*, 717 S.W.2d at 642 (citing *Brown*, 665 F.2d at 612).

<u>Analysis</u>

After Appellant was charged, he claimed indigence, and the trial court appointed an attorney to represent him. Early in the pretrial proceedings, Appellant expressed his displeasure with his appointed counsel and his desire to "fire" him. After hearing Appellant's complaints, the trial court refused to replace his appointed counsel with new counsel, and informed Appellant of his right to waive counsel and represent himself. The trial court also informed Appellant of all the dangers and disadvantages of doing so. Thereafter, the trial court asked Appellant if he wanted to represent himself, and Appellant did not state that he did.

On the day before trial, Appellant again requested new appointed counsel. In the alternative, he requested to defend himself. In the latter case, he requested a continuance and access to a law library. The trial court informed Appellant that the right to self-representation does not guarantee better access to legal resources, and that the trial court could not force the sheriff's office to give him better access. Appellant refused to sign the waiver of counsel under those conditions.

On the day of trial, Appellant informed the trial court that he wanted to represent himself and was willing to sign the waiver of counsel. He did so, and the trial court approved his self-representation. The trial court removed his counsel and made him standby counsel. After a short break in the proceedings and before the jury panel arrived, Appellant informed the trial court that he wanted his appointed counsel reinstated. Appointed counsel then represented Appellant throughout the trial.

On appeal, Appellant argues that although the trial court was willing to let him represent himself at trial, his right to self-representation was constructively denied because the trial court did not ensure him access to a law library to prepare his defense. In support of his contention

that he had a right to law library access, he cites ***Bounds v. Smith***, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498, 52 L. Ed. 2d 72 (1977).  In ***Bounds****,* the United States Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  However, an attorney was appointed to represent Appellant, and even after Appellant's request to represent himself was granted, this attorney was instructed to continue as standby counsel.  Thus, Appellant was provided adequate assistance from persons skilled in the law.  *See **Bright v. State***, 585 S.W.2d 739, 744 (Tex. Crim. App. 1979).  We conclude that the trial court did not deny Appellant's right to self-representation, constructively or otherwise.  Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered June 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 30, 2015

NO. 12-14-00335-CR

**DONNIE DALE CARR,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0863-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*