Michael James
FUNDERBURG, Appellant,

v.

The STATE of Texas, Appellee.

No. 268–83.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 8, 1986.

G. Lee Haney, Brownwood, for appellant.

Stephen Ellis, Dist. Atty., Fred Franklin, Asst. Dist. Atty., Brownwood, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted of the offense of injury to a child. V.T.C.A. Penal Code, § 22.04 (Supp.1986). Punishment was enhanced by two prior convictions and assessed at life imprisonment. V.T.C.A. Penal Code, § 12.42 (1974). In an unpublished opinion, the Eleventh Court of Appeals affirmed. *Funderburg v. State*, No. 11–82–228–CR (Tex.App.—Eastland, delivered March 10, 1983). We granted appellant's pro se petition for discretionary review to determine whether appellant was denied the right to represent himself at his trial.[1] See Art. 44.33, R. 302(c)(3), V.A.C.C.P. (Supp.1986). We will affirm.

---

1. In his petition, appellant relies upon both Article I, § 10 of the Texas Constitution and the Sixth Amendment of the United States Constitution. However, we need not decide the instant case on the basis of our state constitution because appellant did not raise Article I, § 10, supra, before the Court of Appeals. Appellant relied solely on the Sixth Amendment. See Appellant's Pro Se Supplemental Brief in the Court of Appeals, pp. 5–6.

The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." The Sixth Amendment has been applied to the states through the Fourteenth Amendment. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

## I. Facts

■ Appellant was indicted on January 5, 1982. On January 6, 1982, appellant appeared for arraignment and signed a sworn application for the appointment of an attorney. The trial court appointed an attorney to represent appellant and proceeded with arraignment. After arraignment, the following colloquy occurred between appellant and the trial court:

"THE COURT: Mr. Funderburg, I'm going to look to Mr. Haney primarily in this case, because you have absolutely no qualifications that would convince me that you are able to represent yourself in this case. If you have a request· for a specific book, I'll try to make that arrangement. We do not have available and I'm not going to at this time in view of the fact that I've appointed Mr. Haney, I'm not going to order that you be brought to the county law library, because we don't have facilities for that purpose, but if you have a specific case that you want or if you have a specific book that you want, if it's available here, we'll try to make it available to you. But I'm telling you right now that I'm going to look to Mr. Haney as your attorney. And you're starting out—I told him the first thing that you obviously don't know, as you have no legal experience and no legal background, is if you were to walk in a courtroom with shirt sleeves on like that before a jury, you would practically be on the way to the penitentiary right then.

"THE DEFENDANT: I understand.

"THE COURT: So you have convinced me today that you don't really show any ability to represent yourself. I mean, that is no reflection on you, but neither does the average layman have any business trying to represent himself, so you're going to have the benefit of a very bright attorney in this case, and I urge you to either turn your defense over to him or rely on him very heavily, because he knows what to do and you don't.

"THE DEFENDANT: Am I still defending myself?

"THE COURT: Not officially. I probably during the trial will let you do certain things that you might request, but I'm not going to let you sit up and try to be your own lawyer and take the entire burden of defending your own case.

"THE DEFENDANT: Don't I have a right to do that? I want to do it.

"THE COURT: No, sir, you don't, not unless you can convince the court that you have the ability to do that, and the experience—

"THE DEFENDANT: How can I do that?

"THE COURT: Well, you have told me what your educational background is, Mr. Funderburg, that is pretty good proof right there that you are not qualified to represent yourself. Are you telling me you don't want any help from a lawyer?

"THE DEFENDANT: I'm saying I would like to represent myself.

"THE COURT: I understand what you are saying, but you have not shown me any evidence of an ability.

"THE DEFENDANT: I appreciate any help he can give me. I can understand that. I would still like to represent myself.

"THE COURT: We'll see at the time. You do what you think you need to do and you confer with Mr. Haney. At the time of the trial, which is on March First, I will try to, matters that I feel that you can handle, I probably will let you handle. Matters that you are clearly not equipped to, for example, you indicated to the court earlier that if you were convicted, the fact that you were charged with a habitual criminal status was an automatic life sentence, well, it's not automatic unless it's proved and you don't know whether the state's proved it or not proved it; you don't know the requirements, I'm sure, that are on the state, the type of proof that the state must make in order to prove to a jury habitual criminal status nor do I believe you are

equipped to make objections to the way proof might be offered in such matter. You are talking about serious matters. You are talking about maybe looking at a life sentence, and I don't know how many times you have been to the penitentiary, but obviously you have been twice and if you were defending yourself in the punishment phase, for example, I don't think you would have the foggiest idea of what is and is not admissible, and I'm not going to represent you. In other words, I'm going to try to see that you get a fair trial, but I'm a judge and I'm not on either side. I'm just going to try to call the shots under the law as I understand the law to be. So you have got to have somebody that's got some legal experience and education in order to make an adequate defense, otherwise our system of justice is a pure mockery, and you're, really you're making it a mockery when you try to tell me that you want to represent yourself. Because I have been practicing criminal law for 30 years, you know, I represent the system, I represent the adversary system. And I have done about equal amount of defense work and prosecution work before I went on the bench. And I just think that it's a mockery for a man without—you know if you had been to law school for a couple of years or maybe had a law degree, but had never practiced law, if you had that kind of an educational background, there might be some merit to you trying to represent yourself, although, even then it's dangerous. But for a person who has had no legal training, it's virtually the same thing as coming in and pleading guilty to the jury. You know, maybe that is what you want to do, but it's very akin to suicide.

"THE DEFENDANT: If at all possible, I would like to try it.

"THE COURT: Well, I'll try to see that things that I feel they you can do yourself, I'll permit you to do. Some things you obviously will not be able to do. And you better consider very strongly what I'm telling you about the punishment phase in the event a jury finds you guilty. You sure better leave the next stage of the trial up to the lawyer.

"Your case is set, the pre-trial is set on the 26th. Thank you, Mr. Haney.

"MR. HANEY: Thank you, Your Honor."

(Supp.R. I–3–7.) [2] At a pretrial hearing on January 26, 1980, and during the subsequent trial on February 22, 1980, appellant was represented by appointed counsel.

In a supplement to the record, the State offered proof, via a bill of exception, that appellant waived his right to self-representation.[3] The bill of exception was sup-

---

**2.** The statement of facts from appellant's pretrial request for self-representation was prepared and approved by the trial court after the record had already been filed with the Court of Appeals. See Art. 40.09(7), V.A.C.C.P. (Supp. 1986). Prior to its decision, the Court of Appeals granted appellant permission to file the statement of facts from that hearing as a supplemental record. No ground for review challenging the use of that supplemental record has been presented to or granted by this Court. Cf. *Farris v. State,* 712 S.W.2d 512 (Tex.Cr.App. 1986) (raising grounds for review challenging use of supplemental record). Therefore, we must presume appellant's supplemental record was properly before the Court of Appeals.

**3.** The bill of exception was prepared by the State and approved by the trial court as a supplement to the record after the original record had been filed with the Court of Appeals. See Art. 40.09(6) & (7), supra. Prior to its decision,

the Court of Appeals granted the State permission to supplement the record with the bill of exception. No ground of review challenging the State's supplementation of the record has been presented to or granted by this Court. *Farris,* supra. Therefore, we must presume the State's supplemental record was properly before the Court of Appeals.

Judge Teague, citing *Ortega v. State,* 493 S.W.2d 828, 830–31 (Tex.Cr.App.1973), argues that the Court of Appeals should not have considered the bill of exception because it was untimely filed. Slip op., at 1 (Teague, J., dissenting). However, *Ortega,* supra, involved the use of a bill of exception on direct appeal before this Court. It would be inappropriate for this Court to address the validity of the State's bill of exception in the instant case without first granting a ground for review on that issue.

Our discretionary review of the Court of Appeals' decision is limited to those grounds for

ported by affidavits from the district attorney, an assistant district attorney, *appellant's appointed attorney* and the court reporter. The bill states that "at one of the numerous pre-trial hearings scheduled in [State v. Funderburg, No. 9694], either at the conclusion of the hearing on January 6, 1982 or prior to the hearing on January 26, 1982," appellant told the trial court that, after "consultation" with his court-appointed attorney, he preferred to be represented by his court-appointed attorney "rather than to continue to insist on self-representation...." (Supp.R. IA–1–5).

■ Appellant has filed a supplemental record with this Court that contains a bill of exception.[4] The bill states:

BE IT REMEMBERED that prior to the commencement of a pre-trial hearing on January 26, 1982, the Court informed the Defendant that his appointed counsel had informed the Court that after talking with the Defendant he had been asked to proceed with the preparation of the defense in cause number 9694. The Court asked the Defendant if he had told the attorney this and he replied that he had. The extent of the Court's inquiry was as such to determine that the Defendant relinquished his right to self-representation, as evidenced by his subsequent pretrial hearing on January 6, 1982.

(Supp.R. III–14).

## II. Right to Self-Representation

The Court of Appeals, relying upon appellant's supplemental statement of facts, found that appellant had requested the

right to self-representation. *Funderburg, supra,* at 1. Relying upon the State's bill of exception, the Court of Appeals found that appellant waived his right to self-representation and agreed to be represented by his court-appointed attorney. *Id.,* at 1–2. Furthermore, the Court of Appeals held that the record did not show a knowing or intelligent waiver of the right to counsel by appellant and that no objection was made by appellant "to the fact that the trial court did not permit appellant the right to self-representation." *Id.* The Court of Appeals concluded by holding that "there is no error in appointing a lawyer for appellant, but if there be error, none is preserved for this court to consider." *Id.*

Appellant concedes that he informed the trial court "that he wanted the appointed attorney to proceed with the case." (Brief for Appellant, p. 8). However, appellant argues that the trial court failed to determine whether appellant was voluntarily relinquishing his right to self-representation.

Appellant argues that his waiver of his right to self-representation was involuntary because the trial court left him with no alternative at the hearing on January 6, 1982. In effect, he contends that he decided "not to continue persisting on an issue the trial court had already denied and possibly being cited for contempt." (Pet. by Appellant, p. 11). We disagree.

■ It is now well settled that the Sixth Amendment to our federal constitution guarantees an accused the right to forego counsel and represent himself. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45

review granted by this Court. Art. 44.33, R. 304(a) & (d)(4), V.A.C.C.P. (Supp.1986). See, e.g., *McCambridge v. State,* 712 S.W.2d 499, 500, n. 2 (Tex.Cr.App.1986) (discretionary review strictly limited to ground for review granted by Court of Criminal Appeals); *Eisenhauer v. State,* 678 S.W.2d 947, 956 (Tex.Cr.App.1984) (Clinton, J., dissenting) ("Our grant of review was no broader than the ground presented...."). By deciding the validity of the bill of exception as Judge Teague suggests, without having first granted a ground of review on that issue, we would be acting outside of our own rules of discretionary review.

4. The record does not reflect any objection by the State, either to the bill of exception or its approval as a supplement to the record. See Art. 40.09(6), supra ("Opposing counsel shall then have 10 days after the filing of the bill in which to make his objections to the same."). See also Art. 40.09(7), supra (counsel has 5 days to object to supplement to record). In the absence of an objection, any error on the part of the trial court in approving the bill of exception or its use as a supplement to the record is waived. See *Nethery v. State,* 692 S.W.2d 686, 701 (Tex.Cr.App.1985). Appellant's supplemental record, therefore, may be considered by this Court.

L.Ed. 562 (1975). However, the right to self-representation does not attach until it has been clearly and unequivocably asserted. *Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541, 45 L.Ed.2d 581 (1975); *Brown v. Wainwright,* 665 F.2d 607, 610 (5th Cir. 1982).

If a defendant properly asserts his right to self-representation, then the record must show that he knowingly and intelligently waived his right to counsel after being made aware of the dangers and disadvantages of self-representation. *Faretta,* 422 U.S. at 835, 95 S.Ct. at 2541. See also *Blankenship v. State,* 673 S.W.2d 578 (Tex.Cr.App.1984). However, a defendant may also waive his right to represent himself once it has been asserted. *McKaskle v. Wiggins,* 465 U.S. 168, 104 U.S. S.Ct. 944, 79 L.Ed.2d 122 (1984); *Brown,* supra, at 611; *United States v. Lorick,* 753 F.2d 1295, 1298, cert. den., 471 U.S. 1107, 105 S.Ct. 2342, 85 L.Ed.2d 857 (1985).[5]

While the record must reflect that a defendant waived his right to self-representation after it was asserted, it is not subject to the same stringent standards as the waiver of the right to counsel. *Brown,* supra, at 611. "A waiver may be found if it reasonably appears to the court that defendant has abandoned his initial request to represent himself." *Id.* Of course, a defendant has not waived his right to self-representation if he has merely acquiesced to a trial court's unmistakable denial of his request to represent himself.[6] *Lorick,* supra, at 1299; *Brown,* supra, at 612.

In the instant case, appellant asserted his right to represent himself several weeks prior to trial and in a clear and unequivocal manner. The trial court's subsequent inquiry failed to apply properly the *Faretta* standard. The trial court did inferentially inform appellant of the dangers

and disadvantages of representing himself, but the court focused primarily upon appellant's doubtful legal expertise rather than his ability to knowingly and intelligently waive his right to counsel, *Blankenship,* supra. The trial court indicated that it would probably allow appellant hybrid representation but deferred its final decision until trial and encouraged appellant to consult with his attorney before then.

Ten days later, well before trial, appellant informed the trial court that he had consulted with his appointed attorney and had decided to accept his assistance. Appellant then proceeded to allow his attorney to represent him in a pretrial hearing on his motion to suppress and later at the trial itself. Under these circumstances, we find that appellant waived his right to represent himself. See *Brown,* supra.

Appellant's claim that he was forced to accept appointed counsel is controverted by the record. Ten days had passed since the trial court had incorrectly inquired into appellant's request for self-representation. During that time, appellant had consulted with his attorney and then, after reflection, orally informed the trial court that he had changed his mind about representing himself. Appellant did not merely acquiesce to the trial court's earlier apparent denial of his request for self-representation. Cf.. *Lorick,* supra. Rather, he made a conscious, deliberate and voluntary choice to waive a known right.

The judgment of the Court of Appeals is affirmed.

CLINTON, J., concurs in result.

TEAGUE, Judge, dissenting.

It is elementary that if a party untimely files a formal bill of exception, it will not be considered by the appellate court in disposing of a ground of error. *Ortega v.*

---

5. "This represents in part the waiver of a waiver insofar as the defendant waives his right to waive appointed counsel." *Chapman v. United States,* 553 F.2d 886, 893 n. 12 (5th Cir.1977) (citations omitted).

6. Contrary to the Court of Appeals' opinion, a defendant need not object to the trial court's denial of his right to represent himself. A defendant's clear and unequivocal request for self-representation, followed by an unmistakable denial of that right, is sufficient to preserve alleged error.

*State,* 493 S.W.2d 828, 830–831 (Tex.Cr. App.1973). Also see Art. 40.09, Section 6, V.A.C.C.P., prior to amendment. All of what purports to be formal bills of exception that were filed in this cause by both appellant and the State were untimely filed. Therefore, they cannot be considered in disposing of appellant's ground of error asserting that he was deprived of his constitutional right to represent himself. The majority, as did the court of appeals, acts egregiously in considering what purports to be formal bills of exception by the parties. In considering the purported formal bills of exception, I believe this Court is establishing bad precedent that will in the future come back to haunt it.

Under the provisions of Art. 40.09, supra, as worded when the purported supplementation of the record occurred in this cause, there were only two ways that a party could legally supplement the record, "to make the record speak the truth," and that was either pursuant to Art. 40.09, Section 6(b), i.e., "A bill of exception shall be a necessary predicate for appellate review only if the matter complained of is not otherwise shown by the record as herein provided ...," or by making an objection to the record pursuant to Art. 40.09, Section 7, V.A.C.C.P., as then worded.

I acknowledge that this Court has created an exception to the legal rules, see *Davis v. State,* 499 S.W.2d 303 (Tex.Cr. App.1973); *Guzman v. State,* 521 S.W.2d 267 (Tex.Cr.App.1975), cf. *Jones v. State,* 564 S.W.2d 718 (Tex.Cr.App.1978). However, I find that in each instance where this Court has allowed the exception to be invoked, it has always merely authorized the adding to the record of appeal that which previously existed but was not timely placed in the record of appeal. That, however, is not this case.

The *legal* record that is before us for review clearly reflects that appellant invoked his right of self-representation and the trial court violated what the Supreme Court stated in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562

(1975). The majority, as did the court of appeals, errs in denying appellant relief.

Even considering what this Court should not consider, the record clearly reflects that appellant's ultimate acceptance of counsel was not done willingly, but, instead, was the acceptance of what was then a known fact, namely, that under no circumstances was the trial judge going to permit appellant to represent himself.

Because the majority errs in many ways, I respectfully dissent.