NO. 12-05-00338-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

§

IN RE: WILLIS FLOYD WILEY,                     §     ORIGINAL PROCEEDING
RELATOR
§





MEMORANDUM OPINION
            Relator Willis Floyd Wiley filed a petition for writ of mandamus requesting this Court to
order the Honorable James N. Parsons, III, Judge of the 3rd Judicial District Court, Anderson
County, Texas, to rule on his application for writ of habeas corpus. We deny the writ.

Background
            On June 15, 2005, Wiley received a copy of an indictment charging him with possession of
a prohibited substance (marijuana) on property owned, used, or controlled by the Texas Department
of Criminal Justice. See Tex. Pen. Code Ann. § 38.11(d)(1)(A) (Vernon Supp. 2005). The
following day, Wiley received a letter from an attorney in the State Counsel for Offenders Office
(SCFO) informing him that SCFO had been appointed to represent him on the charge and that she
would be handling his defense. In July 2005, Wiley filed a pretrial application for writ of habeas
corpus challenging the constitutionality of section 38.11. Wiley was subsequently notified that the
respondent trial judge declined to rule on the habeas application because Wiley was represented by
appointed counsel. This original proceeding followed.

Discussion
            To obtain mandamus relief in a criminal matter, the relator must establish that (1) the act
sought to be compelled is ministerial rather than discretionary in nature and (2) there is no adequate
remedy at law. Dickens v. Second Court of Appeals, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987). 
There is no right to hybrid representation in Texas. Landers v. State, 550 S.W.2d 272, 280 (Tex.
Crim. App. 1977). Thus, the trial court need not consider or rule on pro se matters presented by a
defendant who is represented by counsel. Consequently, the respondent trial judge did not violate
a ministerial duty by declining to rule on Wiley’s application for writ of habeas corpus.
            Wiley contends that he neither requested appointed counsel nor submitted any information
to the respondent trial judge to provide proof of his indigence. Therefore, he argues, his counsel was
unlawfully appointed and the respondent should have ruled on his application for habeas relief. We
cannot conclude from the record before us that the order appointing SCFO constitutes an abuse of
discretion. If Wiley is contending that he wishes to proceed pro se in the underlying proceeding, he
must inform the trial court. See Funderburg v. State, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986)
(right to self-representation does not attach until it is asserted). If the trial court denies his request,
Wiley can complain on appeal. See, e.g., Johnson v. State, 760 S.W.2d 277, 278 (Tex. Crim. App.
1988). 
Conclusion
            Wiley has not shown himself entitled to the requested relief. Accordingly, Wiley’s petition
for writ of mandamus is denied.

                                                                                                     DIANE DEVASTO 
                                                                                                               Justice

Opinion delivered November 23, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.







(PUBLISH)