Opinion filed July 31, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed July 31,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00049-CR

                                                    __________

 

                            RANDALS RAYMOND GREER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 42nd District Court

                                                          Taylor
County, Texas

                                                  Trial
Court Cause No. 22600A

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
jury convicted Randals Raymond Greer, appellant, of burglary of a habitation. 
The trial court assessed punishment at twelve years confinement.  We affirm.

 In
his sole issue on appeal, appellant contends that the trial court erred by
violating his  constitutional right to self-representation.  An accused has a
right to self-representation under the Sixth and
Fourteenth Amendments to the United States Constitution.  Faretta v.
California, 422 U.S. 806,  818-20 (1975); Williams v. State, 252
S.W.3d 353, 356 (Tex. Crim. App. 2008); Moore
v. State, 999 S.W.2d 385, 396 (Tex. Crim. App. 1999).  However, the right
to self-representation does not attach until it has been clearly and unequivocally
asserted.  Funderburg v. State, 717 S.W.2d 637, 642 (Tex. Crim. App.
1986).








On
December 11, 2006, the trial court set this cause for trial on February 12,
2007.  On the day of the trial setting, appellant=s
counsel filed a Apretrial
motion to withdraw as attorney of record@
and an Aapplication
for continuance.@  In
the motion to withdraw, appellant=s
counsel stated that appellant had instructed him to withdraw, that appellant
had failed to cooperate with him, and that Aan
irreconcilable conflict of personalities@
existed between appellant and him.  Appellant=s
counsel also stated that he reasonably believed appellant might desire to
proceed pro se Aif
[appellant was] forced to proceed to trial with the undersigned as his counsel.@  In the application for
continuance, appellant=s
counsel asserted that additional time would be necessary to prepare the case
for trial if the trial court appointed other counsel to represent appellant or
allowed appellant to proceed pro se.

The
trial court heard the motion to withdraw.  Appellant=s counsel called appellant as a witness.  The
following exchange took place:

Q.  Randy, listen to
me.  I filed your motion to withdraw as your record B as your attorney of record.  Do you remember
telling me you didn=t
want me as your lawyer?  Is that right, Randy?

 

A. Yes.

 

Q. Okay.  You do or
don=t want me as your
lawyer?

  

A. I don=t.

 

. . . .

 

Q.  But you=ve been writing me letters
in the last 10 days where you=ve
been pretty B very
vehement and very insistent that I not be your lawyer.  Is that right, Randy?

 

A.
Of course.  What do I need you for?

Appellant=s counsel did not ask
appellant whether he wanted the trial court to appoint other counsel to
represent him or whether he wanted to proceed pro se, and appellant did not
provide any testimony on these issues.








Appellant=s counsel also called Ricky
Felts as a witness.  Felts testified that he owned and operated the Lighthouse
Adult Day Care and that appellant had been a client of the Lighthouse.  Felts
said that, although he had attempted to persuade appellant to cooperate with
his counsel, appellant had not cooperated with his counsel.  Felts also said
that appellant had increasing hostility toward his counsel.  According to
Felts, appellant thought that he could represent himself and that his counsel
was Anot really
trying.@  The
following exchange took place between appellant=s
counsel and Felts:

Q. All right.  Has
he talked to you about wanting to proceed with his case pro se; that is, acting
as his own lawyer in the event that this Court will not give him a lawyer other
than myself B

 

A. Yes.

 

Q. B on a court-appointed
basis?

 

A. Yes.

 

. . . .

 

Q. Did he seem
genuinely B genuine in
his comments to you that he wanted to proceed as his own lawyer?

 

A.
Yes.

During
cross-examination, Felts testified that appellant seemed to be more concerned
with Aremoving [his
counsel] and having someone else represent him@
than he was about his upcoming trial.

After
the conclusion of evidence, appellant=s
counsel asserted that appellant desired to proceed pro se and that appellant
had the right to defend himself.  The trial court denied the motion to withdraw
and the application for continuance.

Appellant
did not testify that he wanted to represent himself.  Appellant=s counsel did not state in
the motion to withdraw or in the application for continuance that appellant
wanted to represent himself.  In the motion to withdraw, appellant=s counsel merely indicated
that appellant might want to represent himself instead of proceeding to trial Awith the undersigned as his
trial counsel.@ 
Similarly, Felts said that appellant had talked about wanting to represent
himself if the trial court did not appoint another lawyer to represent him.

The
record demonstrates that appellant was unhappy with his counsel.  However,
appellant did not clearly and unequivocally assert his right to
self-representation.  Therefore, we overrule appellant=s sole issue.








We
affirm the judgment of the trial court.

 

 

PER CURIAM

 

July 31, 2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.