Petition for Writ of Mandamus
Denied and Memorandum Opinion filed May 10, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00384-CR

NO. 14-11-00385-CR

____________

 

INRE JOSEPH CAMPBELL, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

178th District Court

Harris County, Texas

Trial Court Cause Nos. 127313701010 & 127313801010

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 

 



M E M O R
A N D U M   O P I N I O N

            On May 2, 2011, relator Joseph Campbell, who is confined in
jail awaiting trial, filed a petition for writ of mandamus in this court.  See
Tex. Gov’t Code § 22.221; see also Tex. R. App. P. 52.  Relator
complains that respondent, the presiding judge of the 178th District Court of Harris
County, has not ruled on his motion to dismiss his court-appointed attorney and
permit him to represent himself at trial.  

            An accused may dismiss appointed counsel and proceed pro se
if the waiver of his right to counsel is made “knowingly and intelligently.”  See
Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, (1975).  To invoke the
right of self-representation, the accused must make a clear and unequivocal demand
to the trial court.  Funderburg v. State, 717 S.W.2d 637, 642 (Tex. Crim.
App. 1986). .  

To be entitled to mandamus relief in a criminal case, a relator must show
that he has no adequate remedy at law to redress his alleged harm, and that what
he seeks to compel is a ministerial act, not involving a discretionary or
judicial decision.  State ex rel. Young v. Sixth Judicial Dist. Court of
Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). 
Consideration of a motion that is properly filed and before the court is a
ministerial act.  State ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex.
Crim. App. 1987) (orig. proceeding).  A relator must establish the trial court
(1) had a legal duty to rule on the motion; (2) was asked to rule on the
motion; and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252
(Tex. App.—Waco 2003, orig. proceeding); In re Villarreal, 96 S.W.3d
708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (relator must show that
trial court received, was aware of, and was asked to rule on motion).  

Relator has not provided this court with a copy of
the motion on which he seeks a ruling.  It is relator’s burden to provide this
court with a record sufficient to establish his right to relief.  Walker v.
Packer, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a). 
Relator has not established that the motion was properly filed and that the
trial court was asked to rule on it but failed to do so.  

Accordingly, we deny relator’s petition for writ of mandamus.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Boyce.

Do Not
Publish — Tex. R. App. P. 47.2(b).