# NO. 12-14-00335-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DONNIE DALE CARR,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Donnie Dale Carr appeals his conviction for manufacture or delivery of four or more but less than two hundred grams of methamphetamine, for which he was sentenced to imprisonment for life. In one issue, Appellant argues that the trial court erred by constructively denying his right to self-representation. We affirm.

### BACKGROUND

Appellant was charged by indictment with manufacture or delivery of four or more but less than two hundred grams of methamphetamine. He pleaded "not guilty" and the matter proceeded to a jury trial.

The evidence at trial showed that a Tyler police officer found Appellant and another individual standing near a picnic table in a heavily wooded area near Bellwood Lake. The officer observed syringes on the table, some with liquid in them. The officer called for backup, and both suspects were arrested for possession of methamphetamine.

A wrecker arrived to tow the two vehicles located at the scene. Because the trail was too small for the wrecker to travel, the wrecker driver got into Appellant's vehicle to drive it out of the woods. When he closed the door, a black pouch containing what was later found to be 8.46

grams of methamphetamine, packaged in several small baggies, fell into his lap. The driver alerted the police and turned the drugs over to them.

Ultimately, the jury found Appellant "guilty" of manufacture or delivery of a controlled substance and assessed his punishment at imprisonment for life. This appeal followed.

<u>**SELF-REPRESENTATION**</u>

In his sole issue, Appellant argues that the trial court constructively denied him his right to self-representation by denying him his constitutional right to access a law library.

**<u>Standard of Review and Applicable Law</u>**

We review the denial of a defendant's request for self-representation for an abuse of discretion. *Alford v. State*, 367 S.W.3d 855, 861 (Tex. App.–Houston [14th Dist.] 2012, pet. ref'd). We view the evidence in the light most favorable to the trial court's ruling, and we imply any findings of fact supported by the record and necessary to affirm the ruling when the trial court did not make explicit findings. *Id.*

The Sixth and Fourteenth Amendments to the United States Constitution guarantee that a criminal defendant may dispense with counsel and make his own defense at trial. *Moore v. State*, 999 S.W.2d 385, 396 (Tex. Crim. App. 1999) (citing *Faretta v. California*, 422 U.S. 806, 818-20, 95 S. Ct. 2525, 2533, 45 L. Ed. 2d 562 (1975)). To be constitutionally effective, such a decision must be made (1) competently, (2) knowingly and intelligently, and (3) voluntarily. *Moore*, 999 S.W.2d at 396 (citing *Godinez v. Moran*, 509 U.S. 389, 400-01, 113 S. Ct. 2680, 2687, 125 L. Ed. 2d 321 (1993)); *Faretta*, 422 U.S. at 834-36, 95 S. Ct. at 2541). In order to competently and intelligently choose self-representation, the defendant should be admonished about the dangers and disadvantages of representing himself. *Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984) (citing *Faretta*, 422 U.S. at 835, 95 S. Ct. at 2541). Thereafter, if the defendant maintains his desire to proceed pro se, he should be allowed to do so as long as the assertion of his right to self-representation is unconditional and not asserted to disrupt or delay the proceedings. *Ex parte Winton*, 837 S.W.2d 134, 135 (Tex. Crim. App. 1992).

The right to self-representation does not attach until it has been clearly and unequivocally asserted. *Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986) (citing *Faretta*, 422 U.S. at 835, 95 S. Ct. at 2541; *Brown v. Wainwright*, 665 F.2d 607, 610 (5th

Cir. 1982)).  Once a defendant has asserted the right to self-representation, he may also waive that right.  *Funderburg*, 717 S.W.2d at 642 (citing *McKaskle v. Wiggins*, 465 U.S. 168, 177 S. Ct. 944, L. Ed. 2d 122 (1984); *Brown*, 665 F.2d at 611).  Such a waiver may be found if it reasonably appears to the court that the defendant has abandoned his initial request to represent himself.  *Funderburg*, 717 S.W.2d at 642 (citing *Brown*, 665 F.2d at 611).  However, when a trial court denies a defendant's request to represent himself, the defendant does not waive the right to self-representation by mere acquiescence to the trial court's denial of it.  *Funderburg*, 717 S.W.2d at 642 (citing *Brown*, 665 F.2d at 612).

**Analysis**

After Appellant was charged, he claimed indigence, and the trial court appointed an attorney to represent him.  Early in the pretrial proceedings, Appellant expressed his displeasure with his appointed counsel and his desire to "fire" him.  After hearing Appellant's complaints, the trial court refused to replace his appointed counsel with new counsel, and informed Appellant of his right to waive counsel and represent himself.  The trial court also informed Appellant of all the dangers and disadvantages of doing so.  Thereafter, the trial court asked Appellant if he wanted to represent himself, and Appellant did not state that he did.

On the day before trial, Appellant again requested new appointed counsel.  In the alternative, he requested to defend himself. In the latter case, he requested a continuance and access to a law library.  The trial court informed Appellant that the right to self-representation does not guarantee better access to legal resources, and that the trial court could not force the sheriff's office to give him better access.  Appellant refused to sign the waiver of counsel under those conditions.

On the day of trial, Appellant informed the trial court that he wanted to represent himself and was willing to sign the waiver of counsel.  He did so, and the trial court approved his self-representation.  The trial court removed his counsel and made him standby counsel.  After a short break in the proceedings and before the jury panel arrived, Appellant informed the trial court that he wanted his appointed counsel reinstated.  Appointed counsel then represented Appellant throughout the trial.

On appeal, Appellant argues that although the trial court was willing to let him represent himself at trial, his right to self-representation was constructively denied because the trial court did not ensure him access to a law library to prepare his defense.  In support of his contention

3

that he had a right to law library access, he cites ***Bounds v. Smith***, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498, 52 L. Ed. 2d 72 (1977).  In ***Bounds****,* the United States Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  However, an attorney was appointed to represent Appellant, and even after Appellant's request to represent himself was granted, this attorney was instructed to continue as standby counsel.  Thus, Appellant was provided adequate assistance from persons skilled in the law.  *See **Bright v. State***, 585 S.W.2d 739, 744 (Tex. Crim. App. 1979).  We conclude that the trial court did not deny Appellant's right to self-representation, constructively or otherwise.  Accordingly, we overrule Appellant's sole issue.

### DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered June 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 30, 2015

NO. 12-14-00335-CR

**DONNIE DALE CARR,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0863-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*