

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00041-CR

**MILTON LEE GARDNER,**

                                                                  **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                  **Appellee**

From the 77th District Court
Limestone County, Texas
Trial Court No. 13074-A

## MEMORANDUM OPINION

Milton Lee Gardner was convicted of aggravated assault-family violence with a deadly weapon and sentenced to 60 years in prison. *See* TEX. PENAL CODE ANN. § 22.02(b)(1) (West 2013). Because the trial court did not deny Gardner his right to self-representation, the trial court's judgment is affirmed.

Gardner does not question the sufficiency of the evidence on appeal; thus, no recitation of the facts is necessary. In his sole issue, Gardner asserts that the trial court

erroneously denied Gardner his right to self-representation. Gardner claims that he asserted a right to self-representation and that on the day of trial when the trial court would not grant Gardner 10 days to prepare for trial, Gardner was forced to waive his right to self-representation, thus making the waiver ineffective.

The United States Supreme Court's foundational "self-representation" case, *Faretta v. California*, held that the Sixth and Fourteenth Amendments include a "constitutional right to proceed without counsel when" a criminal defendant "voluntarily and intelligently elects to do so." *Indiana v. Edwards*, 554 U.S. 164, 170; 128 S. Ct. 2379; 171 L. Ed. 2d 345 (2008); *Faretta v. Cal.*, 422 U.S. 806, 807; 95 S. Ct. 2525; 45 L. Ed. 2d 562 (1975). However, "the right to self-representation does not attach until it has been clearly and unequivocably (sic) asserted." *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008) (quoting *Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986)).

Gardner never clearly or unequivocally asserted his right to self-representation. About a week before trial, Gardner filed a *pro se* motion requesting the withdrawal of his court-appointed attorney and the appointment of new counsel. On January 27, 2014, the day his trial was scheduled to begin, Gardner provided a written statement attached to his appointed attorney's motion to withdraw again stating Gardner wanted new counsel appointed. At the pretrial hearings that day, where various issues were discussed, Gardner, through appointed counsel, asked the court to either appoint

Gardner a new attorney or allow his family to hire an attorney.[1] He did not request to represent himself.

It was not until the next day, January 28, 2014, during which Gardner had a competency evaluation and was found competent to stand trial, that Gardner signed and dated a waiver of his right to counsel in which he also requested 10 days to prepare for trial because his request for the appointment of new counsel had been denied. Although this waiver was not specifically mentioned on the record, it appears to have been reviewed by the trial court. On January 29th, the reset trial date, the trial court asked Gardner if he still wanted his counsel to withdraw, adding

> Because I can tell you right now, I'm not granting you ten days to prepare for trial if she withdraws. You've been here the whole time. You're well aware of the facts of the case and I'm not granting you ten days. So you're either going to have to go forward with no counsel or with [counsel].

Even then, Gardner did not clearly and unequivocally invoke his right to represent himself. He merely replied, "you leave me no choice…." When pressed by the trial court to clarify his choice, Gardner agreed that he wanted to have counsel. A few moments later, the State asked the trial court to make sure Gardner understood he had the "absolute right" to represent himself. Gardner indicated that he understood he had the right to represent himself. But when informed that he would then have to

---

[1] The trial was ultimately postponed for two days because Gardner requested and received a competency evaluation.

conduct his voir dire as soon as the pretrial hearings were over, Gardner refused to represent himself.

"Unequivocal" means very strong and clear; not showing or allowing any doubt. MERRIAM-WEBSTER, http://www.merriam-webster.com/dictionary/unequivocal. Based on this record, Gardner's assertion of his right to self-representation was not clear and "unequivocal."

However, even if Gardner clearly and unequivocally asserted his right to self-representation, he was not forced to waive that right which would have made the waiver ineffective. A defendant may waive his right to represent himself once that right has been asserted. *McKaskle v. Wiggins*, 465 U.S. 168; 104 U.S. S. Ct. 944; 79 L. Ed. 2d 122 (1984); *Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986). While the record must reflect that a defendant waives his right to self-representation after it is asserted, that waiver is not subject to the same stringent standards as the waiver of the right to counsel. *Brown v. Wainwright*, 665 F.2d 607, 611 (5th Cir. 1982); *Funderburg*, 717 S.W.2d at 642. "A waiver may be found if it reasonably appears to the court that [the] defendant has abandoned his initial request to represent himself." *Id*.

When the trial court denied Gardner's request for 10 days to prepare for trial, which it appears the trial court had the right to do,[2] *see Lacy v. State*, No. 03-00-00699-CR, 2001 Tex. App. LEXIS 7137, *4 (Tex. App.—Austin Oct. 25, 2001, no pet.) (not

---

[2] We have not been asked to decide that issue.

designated for publication) (Article 1.051(e) does not grant a preparation period to a defendant who elects to represent himself); *see also Garay v. State*, 2015 Tex. App. LEXIS 3993 (Tex. App.—San Antonio Apr. 22, 2015, no pet.) (not designated for publication), Gardner was given a choice: proceed immediately to trial representing himself, which he was told he had the right to do, or proceed immediately to trial being represented by counsel. Further, it was explained to Gardner that if he wanted to represent himself, he would "walk out of this room and in front of that jury panel and start on your voir dire." When asked if that was what he wanted to do, Gardner replied, "No way." Gardner was presented with a choice and he made a decision. Based on this record, Gardner made a "conscious, deliberate and voluntary choice" to abandon his initial request, if any, to represent himself. *See Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986).

Accordingly, the trial court did not erroneously deny Gardner his right to self-representation. Gardner's sole issue is overruled, the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed August 27, 2015
Do not publish
[CRPM]

