In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00338-CR
_____

JAMES BRADLEY ALBRIGHT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 19-33082

MEMORANDUM OPINION

In April 2020, James Bradley Albright pleaded no contest to an indictment charging him with possession of a controlled substance (methamphetamine). The trial court found him guilty, deferred adjudicating his guilt, and signed an order placing Albright on deferred adjudication, community supervision for five years.[1]

---

[1]*See* Tex. Health & Safety Code Ann. § 481.115(d).

1

In April 2022, the State filed a motion in which it asked the trial court to conduct a hearing and determine whether Albright's probation should be revoked. The trial court conducted the probation revocation hearing on September 12, 2022. But four months earlier, the trial court's docket sheet reflects the trial court released Albright's attorney of record at a "Probation Revocation Announcement." No other attorney was appointed to represent Albright in the September 12 hearing. Albright also told the trial court that he was not ready to proceed. Nothing in the appellate record shows that the trial court warned Albright about the danger of representing himself. At the conclusion of the revocation hearing, the trial court found Albright had violated the terms of the trial court's community-supervision order, pronounced him guilty, and assessed a five-year sentence.

"It is well established that every criminal defendant has a constitutional right to the assistance of counsel and the constitutional right to self-representation."[2] The right to counsel is regarded as

---

[2]*Osorio-Lopez v. State*, 663 S.W.3d 750, 756 (Tex. Crim. App. 2022) (citing U.S. CONST. amend. VI, Tex. Const. art. I § 10, and *Faretta v. California*, 422 U.S. 806, 835 (1975)).

fundamental, so an indigent defendant is entitled to appointed counsel unless the defendant competently, intelligently, and voluntarily waives the right to counsel."[3] The right to self-representation is also regarded as fundamental, but representation by counsel is the standard—not the exception—and there is a strong presumption against the waiver of the right to counsel.[4]

A criminal defendant's right to counsel is effective until he clearly and unequivocally asserts his right to self-representation.[5] A defendant must assert the right to self-representation in a timely manner; he must assert the right voluntarily, knowingly, and intelligently; and his assertion must be unconditional and not a calculated attempt to disrupt, subvert, obstruct, or delay the orderly procedure of the courts or to interfere with the fair administration of justice.[6] Once the defendant clearly, unequivocally, and unconditionally asserts his right to self-representation, the trial court must inform the defendant about the

---

[3] *Williams v. State*, 252 S.W.3d 353, 355-56 (Tex. Crim. App. 2008).
[4] *Martinez v. Ct. of App. of Cal.*, 528 U.S. 152, 161 (2000); *Lathem v. State*, 514 S.W.3d 796, 802 (Tex. App.—Fort Worth 2017, no pet.).
[5] *Osorio-Lopez*, 663 S.W.3d at 756.
[6] *Id.*; *Funderburg v. State*, 717 S.W.2d 637, 641-42 (Tex. Crim. App. 1986); *Blankenship v. State*, 673 S.W.2d 578, 585 (Tex. Crim. App. 1984).

"dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open."[7]

"[A] trial court need follow no formulaic questioning or particular script to assure itself that an accused who has asserted his right to self-representation does so with eyes open."[8] But the record must demonstrate the trial court informed the defendant "that there are technical rules of evidence and procedure, and he will not be granted any special consideration solely because he asserted his pro se rights."[9] If the record doesn't demonstrate that the defendant clearly and unequivocally waived his right to counsel—or that the trial court thoroughly admonished the defendant on the dangers and disadvantages of self-representation—it is a structural defect requiring automatic reversal.[10]

In this case, no one disputes that the record shows Albright was not properly admonished about the dangers and disadvantages of self-

[7]*Williams*, 252 S.W.3d at 356 (cleaned up).
[8]*Osorio-Lopez*, 663 S.W.3d at 757 (cleaned up).
[9]*Id.* (cleaned up).
[10]*Williams*, 252 S.W.3d at 357-58.

representation. We reverse the trial court's judgment and remand the case to the trial court for further proceedings consistent with the opinion.

REVERSED AND REMANDED.

HOLLIS HORTON
Justice

Submitted on October 12, 2023
Opinion Delivered October 18, 2023
Do Not Publish

Before Horton, Johnson and Wright, JJ.