

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00201-CR

_____

DANZELLE DARNELL OWENS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1754219

---

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

In a single complaint on appeal, Appellant Danzelle Darnell Owens contends that the trial court erred by denying him his constitutional right to self-representation. We affirm.

## Procedural Background

### Trial Court Proceedings

A grand jury originally indicted Appellant in March 2020, in two cause numbers. In trial court cause number 1628885,[1] the indictment alleged that he had committed two offenses arising from the shooting of a single victim—aggravated assault and deadly conduct. *See* Tex. Penal Code Ann. §§ 22.01(a)(1), 22.02(a)(2), 22.05(b)(1). In trial court cause number 1628887, the indictment alleged that he had committed the offense of unlawful possession of a weapon. *See id.* § 46.04(a).

An attorney was appointed to represent Appellant in both cases. Less than a month later, a different attorney—Pia Lederman—was appointed to represent Appellant.

After the cases had been pending several months, and while Appellant was incarcerated, he began to file a series of pro se motions and letters. Included in these were a "Declaration of [C]onflict Between Attorney and Client and Motion for

---

[1]At the time, Appellant had at least one other trial-court cause number pending, for evading arrest or detention with a vehicle. That cause number is not at issue in this appeal.

Substitution of Appointed Counsel." In that motion, Appellant moved "for the substitution" of Lederman and asked the trial court to appoint him a different lawyer. In a subsequent letter, Appellant stated, "I've been ready for trial Pro Se. My lawyer hasn't shown any interest in my cases. I've had to force her to get a visit and that's ineffective assistance of counsel, so I['d] rather pursue these charges Pro Se." He also filed a "Form3. Entry of Appearance—Pro Se," in which he stated, "I hereby notify the Clerk that I am appearing pro se as the . . . Respondent."

Appellant was then released from jail on bond, but he violated his bond conditions and was re-incarcerated. He began to file additional motions and documents pro se. He filed another "Declaration of Conflict Between Attorney and Client and Motion for Substitution of Counsel,"[2] in which he asked "for the substitution of [his] attorney of record." However, in a contemporaneously filed "Affidavit of Fact,"[3] he wrote, "I would like for [appointed counsel] to be removed from my cases and I represent myself 'PRO SE' immediately . . . ." He also filed

---

[2]Although this document contains a certificate of service indicating that it was mailed on March 28, 2022—and the clerk's record contains a copy of an envelope with a postmark showing it was mailed on March 31, 2022—the document was not file-stamped by the District Clerk until June 27, 2022.

[3]Although this document was dated and mailed in late March 2022, it likewise was not file-stamped by the District Clerk until June 27, 2022.

another "Form3. Entry of Appearance - - Pro Se," informing the clerk that he was appearing pro se.[4]

The clerk's record next contains a pro se "Motion for Substitution of Counsel" file-stamped August 11, 2022. In that motion, Appellant asked the trial court to remove his appointed counsel. He stated, "I wish to waive counsel and proceed pro se."

The trial court did not act on Appellant's pro se motions to substitute counsel or his requests to appear pro se. Eventually, a grand jury reindicted Appellant in a single cause number—1754219—and the State dismissed the indictments in cause numbers 1628885 and 1628887. The trial court appointed a new attorney for Appellant—David Owens—in December 2022.[5] Nothing in the record indicates that Appellant objected to this appointment or filed any additional requests to proceed pro se. The newly appointed attorney filed several pretrial motions, including a motion to quash the indictment.

A jury found Appellant guilty of aggravated assault with a deadly weapon, deadly conduct, and unlawful possession of a firearm. The jury assessed Appellant's punishment at forty years' confinement for the aggravated assault, twenty years'

---

[4]Although this document contains a certificate of service indicating that Appellant sent it to the District Clerk on April 14, 2022, it was not file-stamped.

[5]At the time, Appellant had been charged with additional offenses in six other cause numbers, which also are not at issue in this appeal. Counsel was appointed to represent Appellant on all of his then-pending charges.

confinement for the deadly conduct, and twenty years' confinement for the unlawful-possession offense. The trial court sentenced Appellant accordingly and ordered that his three sentences run concurrently. Appellant timely filed a notice of appeal pro se.

**Proceedings in This Court**

After Appellant failed to timely file a brief, we abated the appeal for the trial court to determine, among other things, whether Appellant desired to prosecute the appeal and whether he should be appointed counsel. At the abatement hearing, Appellant indicated that he wished to continue his appeal, and he told the trial court that he wanted an appointed attorney to pursue the appeal. The trial court appointed counsel for appeal.

Appellant's appointed appellate attorney then filed an *Anders*[6] brief and a motion to withdraw; Appellant filed a pro se response, in which he raised his denial-of-self-representation complaint. Upon initial submission of the appeal, this court determined that there was an arguable ground for appeal and abated the case to the trial court to appoint another attorney for Appellant. Appellant's newly appointed appellate counsel briefed the arguable issue identified by this court. Appellant then filed a motion seeking to proceed in this court pro se, noting that he had previously

---

[6]*Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967) (requiring counsel to present a professional evaluation of the record and demonstrate why there are no arguable grounds for appellate relief).

5

filed a pro se response to the *Anders* brief in which he had asserted his denial of self-representation complaint.

We abated the appeal for the trial court to admonish Appellant about the dangers and disadvantages of self-representation; to caution Appellant that if we proceeded with his pro se complaint, we would not then be required to also consider the arguable issue previously identified by the court and raised in the brief filed by Appellant's second appointed appellate attorney; and to determine whether Appellant's decision to proceed pro se was competently and intelligently made. After being admonished, Appellant maintained his desire to proceed pro se, and the trial court found that Appellant had intelligently and knowingly waived his right to counsel. Accordingly, we granted Appellant's motion to proceed pro se on appeal.

Because Appellant did not timely file an additional brief, we have proceeded on the response that Appellant previously submitted to his first attorney's *Anders* brief—as we warned him we would do. *See Talavera v. State*, No. 12-20-00015-CR, 2021 WL 2836359, at *1 (Tex. App.—Tyler July 7, 2021, no pet.) (mem. op., not designated for publication).

**No Denial of the Right of Self-Representation**

Appellant contends that the trial court erred by denying him his constitutional right to self-representation. According to Appellant, he "filed multiple pro se motions to the trial court making clear and unequivocal notices that [he] wished to proceed pro se and waive [an] attorney," and the trial court "ignored such requests." Appellant also

6

contends that, later, the trial court "forced another attorney upon [him], not looking into [his] previous request to proceed Pro se, [and] failing to admonish [him] of the [d]angers and [d]isadvantages of self[-r]epresentation in order to determine that [his] request was made knowingly, intelligently, and voluntarily."

It is well-settled that the Sixth Amendment guarantees an accused the right to self-representation. U.S. Const. amend. VI; *Funderburg v. State*, 717 S.W.2d 637, 641 (Tex. Crim. App. 1986) (citing *Faretta v. California*, 422 U.S. 806, 818, 95 S. Ct. 2525, 2532 (1975)); *see also* Tex. Const. art. I, § 10; *Osorio-Lopez v. State*, 663 S.W.3d 750, 756 (Tex. Crim. App. 2022). "While the right to counsel is in force until waived, the right of self-representation does not attach until asserted" clearly and unequivocally. *Osorio-Lopez*, 663 S.W.3d at 756 (quoting *Brown v. Wainwright*, 665 F.2d 607, 610 (5th Cir. 1982)). However, even after being clearly and unequivocally asserted, the right to self-representation may be waived if it reasonably appears to the trial court that the defendant abandoned his initial request to represent himself. *See McKaskle v. Wiggins*, 465 U.S. 168, 182, 104 S. Ct. 944, 953 (1984) ("A defendant's invitation to counsel to participate in the trial obliterates any claim that the participation in question deprived the defendant of control over his own defense."); *Funderburg*, 717 S.W.2d at 642; *see also Brown*, 665 F.2d at 611. A subsequent waiver of the right to self-representation is not subject to the same stringent standards as the initial waiver of the right to counsel. *Funderburg*, 717 S.W.2d at 642.

Here, although in numerous pretrial court filings before he was reindicted Appellant expressed his dissatisfaction with Lederman's representation and clearly asked to represent himself in lieu of being represented by her, he failed to obtain rulings on any of those requests. *See* Tex. R. App. P. 33.1(a)(1); *Hilderbrand v. State*, No. 10-17-00315-CR, 2018 WL 5662400, at *2 (Tex. App.—Waco Oct. 31, 2018, pet. ref'd) (mem. op., not designated for publication); *see also, e.g.*, *In re DeBoest*, No. 14-22-00111-CR, 2022 WL 678371, at *1 (Tex. App.—Houston [14th Dist.] Mar. 8, 2022, orig. proceeding) (per curiam) (mem. op.) (addressing mandamus petition seeking relief from trial court's failure to rule on pro se self-representation motions); *In re Black*, No. 04-19-00094-CV, 2019 WL 1139852, at *1 (Tex. App.—San Antonio Mar. 13, 2019, orig. proceeding) (per curiam) (mem. op.) (same). Additionally, he never objected to the appointment of the attorney who represented him at trial, Owens, and he did not invoke his right to self-representation at any time during the trial. *See Livingston v. State*, No. 14-06-01031-CR, 2008 WL 2262033, at *10 (Tex. App.—Houston [14th Dist.] May 29, 2008, pet. ref'd) (mem. op., not designated for publication). Nor did Appellant file any pro se motions after Owens's appointment.

From this record, it reasonably appears that after being appointed a new attorney after the reindictment, Appellant abandoned his pretrial requests to represent himself. *See Garcia v. State*, No. 01-15-00030-CR, 2016 WL 7011411, at *2–3 (Tex. App.—Houston [1st Dist.] Dec. 1, 2016, pet. ref'd) (mem. op., not designated for publication); *Livingston*, 2008 WL 2262033, at *10; *Sossamon v. State*, No. 10-02-00231-

8

CR, 2004 WL 2610434, at *7 (Tex. App.—Waco Nov. 17, 2004, pet. ref'd); *Garrett v. State*, 998 S.W.2d 307, 317 (Tex. App.—Texarkana 1999, pet. ref'd). Accordingly, we overrule his sole issue on appeal.

## Conclusion

Having overruled Appellant's sole issue on appeal, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 22, 2025